Fuld, J.
The plaintiff Michalowsld instituted this action some years ago in order to procure the return of an automobile *73 and damages for its wrongful detention. The case was previously here in 1958, on which occasion we reversed the Appellate Division’s dismissal of the complaint and stated that “ the plaintiff is entitled to recover both possession of the car and damages for its wrongful detention ” (4 N Y 2d 277, 282). Accordingly, we remitted the case to the trial court for “ the assessment of damages ”.
The damages have now been assessed; the trial court fixed them at $6,253.34, but the Appellate Division reduced them to $4,000 on the ground that, since this was the amount demanded in the complaint, the recovery could not exceed such sum. An appeal has been taken to this court by each party.
We may be brief, for the facts fully appear in our earlier opinion (4 N Y 2d, at pp. 279-281). In 1948, the plaintiff purchased a Cadillac automobile from his friend, James Gallo. Shortly thereafter, the police, finding Michalowski in possession of the car, ‘ ‘ impounded ’ ’ it, telling him that they ‘ ‘ believed the car was stolen ’ ’ and that Gallo was ‘ ‘ wanted for parole violation ”. The plaintiff subsequently produced a “ certificate of title” executed by Gallo and a New York registration certificate, but the police still refused to return the car. He commenced this suit some five years later, in 1953, and it was another two years before he brought it to trial, the delay between the taking of the car and the trial being in large part attributable to his own incarceration in prison.
On the previous appeal, we found that the plaintiff was entitled to possession of the car and we remitted for an assessment of damages. Upon such remission, the parties stipulated that the value of the car at the time of taking was $4,000 and that its value at the time of the assessment of damages was $200; no other evidence as to proof of damages was offered or taken. After a hearing, the court found that the plaintiff was entitled to recover interest on the $4,000 value of his property from the time of taking to the time of the trial, amounting to $2,453.34, as well as the depreciation of his property, amounting to $3,800, a total of $6,253.34. Although, as intimated above, the Appellate Division decided that the trial court had applied the proper rule of damages, it modified the judgment by reducing it to the $4,000 demanded in the complaint, noting that, *74 absent a motion to amend the complaint, the recovery should be limited to that amount. Both parties are appealing, the plaintiff claiming that he is entitled to reinstatement of the damages awarded at Trial Term, the defendant contending that no damages whatsoever should be allowed.
When the case was previously before us, we decided that the plaintiff was entitled to damages for the wrongful detention of his car. Such is the law as we announced it and nothing has occurred to warrant any change or modification. Accordingly, we turn to the other questions posed, namely, the measure of damages to be applied and the ability of the plaintiff to recover damages in excess of the amount demanded in his complaint.
The law relating to the measure of damages for wrongful detention in replevin was set forth with great clarity in Allen v. Fox (51 N. Y. 562), a .case upon which we relied on the previous appeal (4 N Y 2d, at p. 281). In the Allen case, after pointing out that the aim of the law in replevin, as in all other tort actions, “is to give the injured party a full indemnity and no more ” (51 N. Y., at p. 563), the court went on to apply this general principle to three fact situations which, might arise: (1) if the article was “ merchandise kept for sale, grain and all other articles of property useful only for sale or consumption, * * * interest on the value from the time of the wrongful taking would be a proper measure ” (p. 565); (2) if the article was “merchandise kept for sale”, but had “depreciated in value * * *, the depreciation must be added to the interest on the value, taken as it was before the depreciation, and the two items will furnish the amount of the damage ” (p. 565); and, (3) if the property claimed “ had a value for use, or, in other words, a usable value, such as horses, cows, carriages and boats * * *, the direct damage which the owner suffers is the loss of the use, and the value of the use should be the measure of damage ” (pp. 565-566).
In the case before us, the automobile was held by Michalowski for use and not for sale and, therefore, the correct rule of dam- - ages should have been the value of the use lost by reason of the wrongful detention. However, in the trial upon the assessment of damages, neither of the parties offered any evidence as to the value of the use lost, stipulating instead as to the value of the *75 car at the time both of the taking and of the trial. This being so, the parties must be deemed to have abandoned the applicable rule and agreed, in effect, to employ that rule of damages in replevin which ordinarily governs property held for sale.
As to property held for sale, the Allen case establishes, the measure of damages will depend on whether or not the property had depreciated in value during the period of its wrongful detention. If the property depreciated in value, as the automobile in this case did, the plaintiff is entitled not only to such depreciation, but to the “interest on the [auto’s] value, taken as it was before the depreciation ” as well (51 N. Y., at p. 565; see Wells, Law of Replevin [2d ed., 1907], p. 493; Cob-bey, Law of Replevin [2d ed., 1900], p. 469). This was the very rule applied by the trial court and approved by the Appellate Division.
In support of his contention that damages, if allowed, must be limited to the depreciation, the defendant argues that “It cannot be both loss of use and depreciation; it must be one or the other ”. The short answer to this is that the plaintiff has been allowed not loss of use and depreciation but depreciation and interest on the value. If, as already indicated, we must treat the car as having been held by the plaintiff for sale, depreciation alone will not make the plaintiff whole because he could theoretically have sold the car at any time and then he would have had its value and whatever he could have earned on that value. Interest on the value represents the lost possibility of earnings, while depreciation represents lost value. Both are necessary if the plaintiff is to be indemnified and made whole.
As to the plaintiff’s point that he has a right to recover more than the amount demanded in his complaint, it is sufficient to observe that the law is settled that one may not recover a money judgment in a sum greater than that requested in his prayer for relief. (See Corning v. Corning, 6 N. Y. 97, 105; Barbato v. Vollmer, 273 App. Div. 169, 172; Roe v. City of Middletown, 262 App. Div. 231, 232; Branower v. Independent Match Co., 83 App. Div. 370, 375.) Since that was $4,000, it sets a limit on the recovery. The plaintiff’s reliance on section 479 of the Civil Practice Act is misplaced, as both a reading of the section and the cases decided under it make evident. (See, e.g., Rogers v. *76 New York & Texas Land Co., 134 N. Y. 197, 219; Arnold v. Angell, 62 N. Y. 508, 511-512; Nelson v. Schrank, 273 App. Div. 72, 73; Cody v. First Nat. Bank, 63 App. Div. 199, 202-203.)
The judgment of the Appellate Division should be affirmed, without costs.
Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Yoorhis and Burke concur.
Judgment affirmed.