Maurice WENDY, Plaintiff-Appellee,

v.

McLEAN TRUCKING COMPANY,
Defendant-Appellant.

No. 342, Docket 26080.

United States Court of Appeals
Second Circuit.

Argued May 11, 1960.

Decided June 30, 1960.

Samuel B. Weingrad, New York City, for defendant-appellant.

B. Hoffman Miller, of Fuchsberg & Fuchsberg, New York City (Robert Keegan, New York City, on the brief), for plaintiff-appellee.

Before CLARK, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

 Defendant attacks the verdict and judgment for plaintiff in this personal injury and property damage action as against the "weight" of the credible evidence and "unsupported" by competent evidence. But this contention is obviously without merit. The evidence was ample to show that the driver of defendant's truck and trailer, proceeding on a rainy afternoon on the lower ramp of the Manhattan Bridge toward Manhattan, hurried to pass a car in front of him and either skidded or drove across the center lane to hit the plaintiff's car going toward Brooklyn in the far lane on the latter's right. Defendant also claims that the jury's allowance of $30,000 for plaintiff's personal injuries was excessive (the parties having agreed upon $750 for the injury to the car). But plaintiff had shown a loss of earnings of $10,000 to the date of the trial; and even though he was then 67, the testimony justified an expectancy of perhaps $15,000 more, leaving little to be accounted for by past and future pain and suffering. And the medical testimony, while somewhat meager in quantity, did show substantial injury.

 There remains the claim of unfair trial because of the actions of the trial judge. Certainly the trial was not a tidy one; but upon consideration of the entire record we think what difficulties

occurred bore equally on each side and that the ultimate submission to the jury was fair. Plaintiff and his son, the driver of his car, appeared temporarily reluctant to yield relevant evidence; this seemed to provoke the defense counsel into an overly aggressive attitude; and this, in turn, led the judge into a considerable amount of conversation and direction of the trial. During the trial the judge allowed an amendment doubling the amount claimed in the *ad damnum* clause—a superfluous act under the civil rules and probably undesirable as giving undue emphasis to a matter of no importance once the parties were at issue.

F.R.Civ.Proc. 54(c), 28 U.S.C.A.; Couto v. United Fruit Co., 2 Cir., 203 F.2d 456, 457; Nagler v. Admiral Corp., 2 Cir., 248 F.2d 319, 328. There were various rulings both admitting and excluding evidence which were later changed, and this doubtless created some confusion. But the reversals of rulings were fully explained, and in final analysis the case was thoroughly tried and fairly submitted to the jury. We are unwilling to hold the jurors lacking in intelligence to understand the relatively simple case here presented of a type now so usual on all jury calendars.

Affirmed.