**RIGGS, FERRIS & GEER,** Plaintiff-Appellee,

v.

Harrison **LILLIBRIDGE,** Defendant-Appellant.

No. 248, Docket 27814.

United States Court of Appeals Second Circuit.

Argued March 6, 1963.

Decided April 10, 1963.

**61**

James E. Freehill, of Hill, Betts, Yamaoka, Freehill & Longcope, New York City (Edward R. Koch, William F. Suglia, and Gerard F. Norton, Jr., of Hill, Betts, Yamaoka, Freehill & Longcope, New York City, on the brief), for defendant-appellant.

Peter M. Brown, of Cadwalader, Wickersham & Taft, New York City (Jacquelin A. Swords and Robert L. Beerman, of Cadwalader, Wickersham & Taft, New York City, on the brief), for plaintiff-appellee.

Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.

CLARK, Circuit Judge.

■ Plaintiff, a firm of lawyers practicing in New York City, brought this action in the court's diversity jurisdiction to recover the fair and reasonable value of legal services rendered to defendant by Trafford, a senior partner in the plaintiff firm.[1] Liability was conceded, the only issue being the value of the services. Plaintiff's final bill was for $35,000, although it made a written offer to settle for $25,000. When this was refused, plaintiff filed suit, demanding $35,000. At the pretrial conference, plaintiff amended its complaint, increasing its demand to $50,000. The jury returned a verdict of $56,000 which, as defendant points out on this appeal, is $21,000, or 60 per cent, more than plaintiff's final bill.

■ Defendant contends that Judge Levet abused his discretion by "taking over the examination and cross-examination of witnesses." But "[a] judge is not wholly at the mercy of counsel, and would be remiss if he did not participate in questioning to speed proceedings and eliminate irrelevancies." Ballantine Books, Inc. v. Capital Distributing Co., 2 Cir., 302 F.2d 17, 21. We find no error in Judge Levet's conduct of the trial.

■■ Defendant also assigns as error two rulings on evidence, one admitting a portion of testimony, and the other excluding an exhibit. The testimony admitted concerned a contingent fee arrangement between defendant and one Procter, successor to Trafford as defendant's legal adviser. Admission of this evidence was proper, since it was relevant to the determination of the reasonable value of plaintiff's services. The excluded exhibit was a study by defendant's expert purporting to set out maximum and minimum charges for the services performed by Trafford, as outlined in his affidavit of April 1961. Based as it was upon an affidavit given by Trafford more than a year earlier in a voluntary attempt to induce settlement, the exhibit took no account of Trafford's more complete testimony at trial, and the judge properly excluded it on that ground.

■■ Since we reject out of hand defendant's contention that the $56,000 verdict was excessive, only one further point need detain us. Defendant urges that it was improper for the jury to award an amount in excess of that claimed in the amended ad damnum clause, relying on New York law as controlling in this diversity case and citing for authority Michalowski v. Ey, 7 N.Y.2d 71, 75, 195 N.Y.S. 2d 633, 163 N.E.2d 863. Even were we to accept New York law as overriding the federal rules on this purely procedural issue, we should still find difficulty, in the

1. Suit in the firm name is proper under N.Y.C.P.A. § 222–a and F.R. 17(b).

light of code history explaining N.Y.C. P.A. § 479, in holding the suggested limitation applicable here, where the defendant had *answered* and the parties were at issue. As pointed out in more detail in the footnote, the statute has been interpreted as applying the limitation "[w]here there is no answer." [2] And in any event the limitation will soon be cut down to the case of a default judgment, as in the federal rule, under the express terms of the new New York C.P.L.R., §§ 3017(a), 3215(b), effective September 1, 1963.[3] But we are quite clear that this is a matter of procedure, governed entirely by F.R. 54(c), as many cases have held. See, e. g., Wendy v. McLean Trucking Co., 2 Cir., 279 F.2d 958, 959; Neff v. Western Co-op. Hatcheries, 10 Cir., 241 F.2d 357, 363; Hutches v. Renfroe, 5 Cir., 200 F.2d 337, 340. Any other conclusion would upset, in diversity actions, the entire plan of federal procedure, with its lessened emphasis upon the formal pleadings, its greater stress on depositions and discovery and on pretrial, its use of amendments conforming to the evidence [even if not formally made, see F.R. 15(b)], and so on. In no proper sense can these interwoven and useful devices of modern litigation be held to affect the "outcome" of the litigation except as they lead more directly to a correct decision on the merits, which even the state rule must envisage. Here the plaintiff could easily have amended, as it did once, except that we have said that to be unnecessary and even undesirable. Wendy v. McLean Trucking Co., *supra.* So we turn to F.R. 54(c) as here controlling.

■■ Under that rule the ambiguity which has caused the difficulty soon to be removed in New York has always been avoided. For it is made expressly clear there that only as to a party against whom a judgment is entered *by default* is recovery limited to that prayed for in

2. The original Field Code restricted the relief to that demanded "if there be no answer"; in any other case the court was to grant the plaintiff "any relief consistent with the case made in the complaint and embraced within the issue." First Rep. Com'rs on Prac. & Pl., N.Y. 1848, § 231; N.Y.Laws 1848, c. 379, § 231. The distinction became in N.Y.C. P.A. § 479 that between "Where there is no answer" and "Where there is an answer." Under similar provisions in the codes generally, it has been customary to grant damages beyond those demanded where proven, see Lane v. Gluckauf, 28 Cal. 288, 87 Am.Dec. 121 (1865), and other cases cited in Clark, Code Pleading 271 (2d Ed. 1947). It is not probable that the original codifiers intended here a technical "answer" rather than merely some answering pleading preventing a default, Clark, Code Pleading 268–269 (2d Ed. 1947), followed and applied in First Preliminary Rep. of the Advisory Com. on Prac. & Proc., N.Y.1957, 96 (see note 3 infra). But in New York there developed unfortunately an insistence on a technical answer which has made the rule a formalistic trap—one carefully avoided in F.R. 54(c). See cases cited and discussed in Clark, Code Pleading 267–269 (2d Ed. 1947). The discussion in Michalowski v. Ey, 7 N.Y.2d 71, 75, 195 N.Y.S. 2d 633, 163 N.E.2d 863, is very limited; but since the opinion stresses the wording of N.Y.C.P.A. § 479 as the decisive element of decision and cites authorities emphasizing this requirement of a technical *answer,* e. g., Rogers v. New York & Texas Land Co., 134 N.Y. 197, 219, 32 N.E. 27, 35; Nelson v. Schrank, 273 App. Div. 72, 75 N.Y.S.2d 761, 763, 764–767; Cody v. First Nat. Bank, 63 App.Div. 199, 71 N.Y.S. 277, 279–280, and since there was no answer in that case, it would seem that the court was not originating a broad rule of restriction as asserted by the defendant, but was only applying the technical New York rule required by the local code history.

3. As Table 2, "Distribution of Civil Practice Act," to CPLR shows, N.Y.C.P.A. § 479 is distributed in the new law to § 3017(a) (part of last sentence) and § 3215(b) (last sentence). The background is given in First Preliminary Rep. of Adv. Com. on Prac. & Proc., N.Y.1957, 96, which refers to F.R. 54(c) and, calling attention to the peculiar limitation of N.Y.C.P.A. § 479, states that "it is believed that in making this change the proposed rule conforms to the somewhat vaguely expressed intent of the original drafters of the section," citing the commissioners' report and notes and Clark, Code Pleading 268 (2d Ed. 1947), as cited in note 2 supra, and adding, "Policy considerations also compel the change."

the demand for judgment. Where defendant has appeared and the parties are at issue, the final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if not demanded. Couto v. United Fruit Co., 2 Cir., 203 F.2d 456; Wendy v. McLean Trucking Co., supra; Farmer v. Arabian American Oil Co., 2 Cir., 285 F.2d 720, 722, n. 2; Rosden v. Leuthold, D.C.Cir., 107 U.S.App.D.C. 89, 274 F.2d 747, 750; 3 Barron & Holtzoff, Federal Practice and Procedure 38 (Wright Ed. 1958); 6 Moore's Federal Practice 1209 (2d Ed. 1953).

Affirmed.