## TRANS WORLD AIRLINES, INC., Plaintiff,

### v.

## Howard R. HUGHES, Hughes Tool Company and Raymond M. Holliday, Defendants,

### and

## The Equitable Life Assurance Society Of the United States et al., Additional Defendants on Counterclaims.

United States District Court
S. D. New York.
May 3, 1963.

8. 173 N.E. 903.

9. 173 N.E. 904.

Cahill, Gordon, Reindel & Ohl, by John F. Sonnett, Paul W. Williams and Dudley B. Tenney, New York City, for plaintiff.

Chester C. Davis, by Lola S. Lea and Maxwell E. Cox, New York City, for defendants Hughes Tool Co. and Raymond M. Holliday.

Cravath, Swaine & Moore, by Bruce Bromley and Thomas D. Barr, New York City, for additional defendants The Equitable Life Assurance Soc. of the United States, Metropolitan Life Ins. Co., James F. Oates, Jr. and Harry C. Hagerty.

Winthrop, Stimson, Putnam & Roberts, by William C. Chanler and Stephen A. Weiner, New York City, for additional defendants Irving Trust Co. and Ben-Fleming Sessel.

Dunnington, Bartholow & Miller, New York City, by Charles L. Stewart, New York City, for additional defendant Dillon, Read & Co. Inc.

Chadbourne, Parke, Whiteside & Wolff, by Carl S. Rowe and Paul M. Bernstein, New York City, for additional defendant Charles C. Tillinghast, Jr.

METZNER, District Judge.

The plaintiff Trans World Airlines, Inc. (TWA) has moved for an order pursuant to rules 37(b) (2) (iii), 37(d) and 55(b) (2) of the Federal Rules of Civil Procedure directing the entry of a judgment by default against the defendant Hughes Tool Company (Toolco). It requests that a hearing be held to determine the amount of damages to be paid by Toolco for the injuries alleged in the complaint, and that Toolco divest

itself of all of its right, title and interest in the stock of TWA. The motion also seeks leave to increase the *ad damnum* clause following paragraph 70 of the complaint, from $105,000,000 to $135,000,000. It further seeks a dismissal of the counterclaims with prejudice. The motion further requests that Toolco, its officers and employees, or anyone acting in concert with them, be enjoined from instituting any action based upon the counterclaims set forth in the answer of Toolco and from instituting any proceeding before an administrative agency of the United States in which TWA is a party and which is based upon the allegations of the counterclaims. Finally, it is requested that the claims asserted by TWA against the defendant Holliday be severed from these proceedings.

Toolco owns 78% of the stock of TWA and Howard R. Hughes owns all of the stock of Toolco. It is clear that during all of the times covered by the complaint the management of TWA was controlled by Hughes personally.

Pursuant to an authorization from Hughes, the attorney for Toolco accepted service of a witness subpoena directed to Hughes by TWA. The deposition of Hughes was originally scheduled for September 24th, 1962 and was adjourned by the court to October 29th, 1962. On October 25th the Special Master adjourned the deposition of Hughes to February 11th, 1963. On December 28th, 1962 the Special Master stated that when this adjournment was granted there was no doubt that it was the intention and expectation that the deposition would start on the adjourned date and proceed until it was concluded according to law.

In the pretrial order of January 10th, 1963 the court affirmed this ruling of the Special Master, and stated that the date of February 11th, 1963 would be adhered to in the absence of extraordinary circumstances. The order of January 10th also directed Toolco to produce

certain documents as to which it claimed an attorney-client privilege. The order pointed out that Toolco's opposition to producing such documents was in fact a reargument of the order of this court dated July 24th, 1962 which denied the claim of privilege.

The order of January 10th also denied Toolco's application to proceed at that time with the examination of two witnesses on the ground that such deposition would interfere with the taking of the Hughes deposition scheduled for February 11th.

On January 15th counsel for Toolco moved for an order that the Hughes deposition be taken on written interrogatories, or, in the alternative, that the motion to dismiss the complaint, pending since August 9th, 1961, be brought on for hearing. On January 16th Toolco's counsel was informed that he would be given until February 1st to submit all papers in support of his motion to dismiss. On January 19th Toolco's motion to take Hughes' deposition in writing was denied. The court, however, allowed counsel for Toolco time to indicate whether he desired the place of deposition to be changed for the convenience of Hughes. No such request was ever made.

On January 23rd the Court of Appeals denied Toolco's application for a stay of the orders of January 10th and 19th.

On February 1st, on Toolco's appeal from an order of the Special Master, the court affirmed that order, and directed that Toolco produce certain tax documents to TWA on a daily basis up to February 11th.

On February 6th a hearing was held on Toolco's motion to dismiss the complaint. The motion was denied from the bench with an indication that the formal opinion would be filed the following day. The denial of the motion embraced a finding that the court had jurisdiction of the claims. Toolco was granted a stay of deposition-discovery proceedings until 5 p. m. on February 8th, to afford it an opportunity to apply to the Court of

Appeals for a further stay pending an application for a writ of mandamus.

The formal opinion of February 7th, 214 F.Supp. 106, denying Toolco's motion to dismiss the complaint, pointed out that the grounds urged for a dismissal existed and were adverted to in the original notice of motion filed on August 9th, 1961, and served several weeks prior to the assignment of this case for all purposes, pursuant to rule 2 of the general rules of this court. The court indicated that counsel for Toolco could just as well have argued the motion at the inception of the litigation, instead of waiting until the taking of the deposition of Hughes was imminent.

A pretrial conference was held on Friday, February 8th, at 5 p. m., on information that counsel for Toolco was not going to proceed with the deposition proceedings of Hughes on the following Monday. Toolco did not apply to the Court of Appeals for a stay pending an application for a writ of mandamus, but, rather, submitted a "Notice of Position" to the court at the time of the hearing. In essence, this document stated that because of the enormous expenses that would be incurred in further pretrial and trial proceedings, which in Toolco's belief would exceed the amount of damages provable by TWA under the complaint, Toolco decided to rest on the merits of its position, so that the Court of Appeals would have an opportunity to rule upon the propriety of the denial of the motion to dismiss the complaint.

At the hearing counsel for Toolco stated that he had advised his client of the sanctions available to TWA under rule 37, and that by insisting upon a right to obtain a review of the legal questions involved in the proceedings to date Toolco understood that it might be deprived of further defending on the merits. Counsel referred to this as a "business decision."

Counsel for Toolco specifically stated that Hughes would not appear for deposition on February 11th and that if it

were necessary to clarify the record everyone could gather on the following Monday (February 11th) to

"note the fact that the Tool Company is failing in [sic—and?] refusing to produce Mr. Hughes, and then you can have your record and you can take your remedy on it."

Counsel also stated that he did not intend to further litigate the counterclaims until after a determination of a complaint filed by Toolco with the Civil Aeronautics Board on February 6th which includes some of the allegations of the counterclaims.

Embraced within the refusal to proceed with the deposition of Hughes is the refusal to obey the orders of the court directing Toolco to produce the documents referred to above.

■ On the basis of this record TWA made the motion now before the court. It is clear that the deposition of Hughes is essential for the proper presentation of TWA's case. It is also clear that the failure of Hughes to appear on February 11th for his deposition was the result of a clear and studied determination by Toolco after all efforts to postpone the appearance of Hughes had failed. The default was deliberate and willful and justifies the court in entering a default judgment as provided in rule 37(b) (2) (iii) and 37(d). A judgment by default shall be entered in favor of TWA against Toolco, and the counterclaims asserted by Toolco against TWA shall be dismissed with prejudice.

■ That branch of the motion seeking to increase the *ad damnum* clause from $105,000,000 to $135,000,000 is granted. This is not a case where a party has defaulted in appearance. Here issue was joined and adversary proceedings continued in the pretrial stages of this litigation. The damages originally asserted were unliquidated and TWA is entitled to recover for whatever damage it can show it suffered. Furthermore, Toolco will be represented at the hear-

ings necessary to assess damages under rule 55(b) (2). Rule 54(c); Peitzman v. City of Illmo, 141 F.2d 956 (8th Cir.), cert. denied, 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577 (1944); cf. Riggs, Ferris & Geer v. Lillibridge, 316 F.2d 60 (2d Cir. 1963).

Before entering the final judgment a hearing must be held to determine the amount of damages to be awarded TWA since the damages are unliquidated. Therefore, pursuant to rule 55(b) (2), the question of the amount of the damages to be paid by Toolco to TWA is referred to J. Lee Rankin, the Special Master heretofore designated by the court, who has presided over the deposition-discovery proceedings for the past year.

TWA has also requested that Toolco divest itself of its 78% stock interest in TWA. The propriety of granting this prayer for relief will be determined by the court.

The determination of the application by TWA for an injunction will be held in abeyance pending the entry of the final judgment.

The application to sever the action against Holliday has been withdrawn on his election to be individually bound by the defaults of Toolco. Consequently, the application for a default judgment is deemed to include a request for similar relief against this defendant, and the disposition of this motion as to Toolco is also dispositive as to Holliday.

I am of the opinion that this order involves a controlling question of law (see Pan American World Airways, Inc. v. United States, 371 U.S. 296, 83 S.Ct. 476, 9 L.Ed.2d 325 (1963)) as to which there is a substantial ground for difference of opinion. Enormous expense has already been incurred in this litigation, and the hearings before the Special Master on the question of damages, with a potential recovery of $135,-000,000 on the first two claims and $10,-000,000 on the third claim, may well be prolonged. An immediate appeal from this order is justified, since it may materially advance the ultimate termination of this litigation.

So ordered.