385 P.2d 225

**Robert D. BECHTEL, Appellant,**

v.

**Tom C. BENSON, Appellee.**

**No. 7518.**

Supreme Court of Arizona.

In Division.

Sept. 18, 1963.

---

Stokes & Moring, Coolidge, for appellant.

Lewis, Roca, Scoville, Beauchamp & Linton, by Harold R. Scoville and John P. Frank, Phoenix, and Tom Fulbright, Florence, for appellee.

UDALL, Vice Chief Justice.

Appellant was plaintiff in an action for replevin. Defendant counterclaimed for wrongful taking of the property or, in the alternative, for its value and for $1500 in damages. The case was tried without a jury and the trial court found against the plaintiff and in favor of the defendant on its counterclaim. In its judgment the trial court awarded the defendant $15,000 as the reasonable value of the property and $12,000 as damages for the wrongful taking of the property. Plaintiff has appealed only from the award of damages.

During the course of the trial it developed that more of defendant's property had been improperly taken than had been specified in the counterclaim. As a result of this evidence defendant made a motion after the trial that his counterclaim be amended to include a claim for the improper taking of the additional property so that the pleadings would conform to the proof. This motion was granted. Defendant made no specific motion, however, to amend the prayer for relief in the counterclaim to include an amount as damages in excess of the $1500 originally claimed.

It is plaintiff's contention that as the prayer for relief was not amended defendant may not be awarded the $12,000 found by the trial court to be his actual damages but rather is limited to the $1500 in damages specified in the prayer for relief in the counterclaim. Rule 54(d) Rules of Civil Procedure, 16 A.R.S., provides in part:

"* * * Except as to a party against whom a judgment is entered by default,

**352**

every final judgment *shall* grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." (Emphasis supplied.)

Pursuant to this section "The prayer does not limit the amount of recoverable damages, whether the action is tried to the court or to the jury." 6 Moore's Fed.Prac.2d Ed. 1953, § 54.62 p. 1209; 3 Barron and Holtzoff Federal Practice and Procedure—Wright revision 1958—ch. 11, § 1194 p. 38; and see Wendy v. McClean Trucking Co., (C.A.2d 1960) 279 F.2d 958.

Plaintiff refers us to our decision in Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444, where we disapproved the giving of an instruction to the effect that the jury was permitted to find an amount in accordance with the evidence whether more or less than the amount requested in the complaint. Our reason for disapproving that instruction was that it was a comment on the evidence and gave undue emphasis by the court to the amount of damages. See e. g. Wendy v. McClean Trucking Co., supra. We did not hold that a jury (or a court) would be without justification in awarding damages in an amount greater than that prayed for if such an amount was warranted by the evidence.

Affirmed.

BERNSTEIN, C. J., and STRUCKMEYER, J., concur.