**Ralph FORD et al., Appellants,**

**v.**

**T. O. GILBERT, Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1965.

David R. Reed, Reed & Hines, Paducah, for appellants.

George E. Overbey, Overbey & Overbey, Murray, Sam Boyd Neely, Martin, Neely & Reed, Mayfield, for appellee.

WADDILL, Commissioner.

We are asked on this appeal whether the trial judge erred in awarding appellee, T. O. Gilbert, $2,470.62 as the balance due for services rendered appellants and in not specifically ruling on a counterclaim.

Appellants, Ralph Ford, Reuben Ford and Lucien Holmes d/b/a Ford-Holman Construction Company, were the successful bidders on a state road contract. Subsequently appellants orally contracted with appellee for him to perform certain work on 1.66 miles of this road. This action was filed by appellee to recover $6,712.76 allegedly owed for certain work done under this contract and under supplemental agreements. Appellants denied that they owed appellee any money and by counterclaim sought to recover the reasonable rental value of equipment furnished appellee on

this job, for their costs in completing the work he left undone and for over-payments they made to appellee, a total sum of $8,387.60.

The trial court sitting without a jury found that the parties had contracted for certain work to be done by appellee, that no agreements were made for supplemental work or for rental of equipment, and that appellee completed the following work and was entitled to the following remunerations:

| | |
|---|---:|
| Pipe work | $ 830.00 |
| Clearing of 1.66 miles of right-of-way | 6,175.30 |
| Earthwork for 1.66 miles of road | 1,948.90 |
| Spreading of 2300 tons of gravel | 1,840.00 |
| Removal of pipe | 21.00 |
| Removal of concrete | 47.50 |
| | $10,862.70 |

He further found that appellee had been paid $8,392.08, leaving a balance due of $2,470.62. Judgment was entered against appellants for this latter amount.

It is contended for reversal that (1) the agreed rate for earthwork was $3,000.00 per mile, not $3,750.00 as found by the judge, (2) the allowance for pipe work and for removal of pipe and concrete erroneously exceeds the amount sought by the pleadings, (3) only 1 mile of earthwork, not 1.66, was performed, and (4) appellants were entitled to $5,400.00 on their counterclaim as the reasonable rental value of the equipment furnished appellee.

■ We consider the contentions in the order presented. Appellee testified that he was told by appellants he would receive for the earthwork whatever their state contract called for, "but it was not to be less than $3,000.00 per mile." Ralph Ford, one of the appellants, testified the state contract price was $3,750.00. The trial judge's finding that appellee was to receive the latter rate of compensation is supported by substantial evidence and will not be reversed.

The second contention is that appellee may not recover in excess of the amount sought by his pleadings. Appellee sought $855.00 for pipe work, $14.60 for removing pipe and $31.60 for removing concrete. The trial judge allowed (supra) appellee to recover more than was asked on these items.

The second sentence of Civil Rule 54.03 provides:

"* * * Except as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

This rule is identical to Federal Rule 54 (c) which has often been interpreted to permit recovery of sums greater than sought by the pleadings. Duke v. Sun Oil Co., 320 F.2d 853, (5th Cir.); Riggs, Ferris & Geer v. Lillibridge, 316 F.2d 60, (2nd Cir.); Wendy v. McClean Trucking Co., 279 F.2d 958, (2nd Cir.); Neff v. Western Cooperative Hatcheries, 241 F.2d 357, (10th Cir.). Other state jurisdictions which have adopted this rule have likewise interpreted it so that the pleadings lose much of the restrictive force they formerly had. Bechtel v. Benson, 94 Ariz. 350, 385 P.2d 225; Wilson v. Interior Airways, Inc., Alaska, 384 P.2d 956; Magill v. Lewis, 74 Nev. 381, 333 P.2d 717.

The reason for adopting this rule and the necessity of its proper application as evinced in the above cited cases is succinctly set forth in 3 Barron & Holtzoff, Federal Practice and Procedure (Wright Ed.), Section 1194 at page 35 as follows:

"The second sentence of Rule 54(c) provides that in non-default cases the judgment is not limited in kind or amount by the demand for relief, but may include whatever relief the successful party is entitled to, regardless of the demand. This provision implements the general principle of Rule 15 (c), that in a contested case the judgment is to be based on what has been proved rather than what has been pleaded. It is a necessary rule in a merged system of law and equity; indeed the difficulties which some states have had in implementing the merger of law and equity stems from a failure to grasp and to apply this principle. Any rule other than that stated in the second sentence of Rule 54(c) would mean preservation of the distinctions between law and equity and of the various forms of action which these rules are intended to abolish."

See also 6 Moore's Fed.Prac. (2nd Ed.), Section 54.62 and Ferguson v. Utilities Elkhorn Coal Co., Ky., 313 S.W.2d 395.

We conclude that where the evidence supports the award it is not error to allow recovery for more than sought in the pleadings, particularly where the parties have treated the issues as joined. See CR 15.02.

The parties agree that appellee was to receive ⅔ of appellants' profit on the pipe and this record shows the amount received by appellee from the state. As a part of his deposition, Ralph Ford (one of the appellants) stated that he would file as an exhibit a schedule showing the cost of the pipe. However, after the record on appeal had been filed with this Court, it was discovered that the envelope supposedly containing this exhibit was empty. Appellee moved to correct the record and pursuant to CR 75.08 we directed the judge of the Carlisle Circuit Court to determine whether there was in fact any omission and to submit a supplemental transcript if justified. Pursuant to that order the deposition of the judge who heard this case has been filed. This deposition shows that the judge had the exhibit before him when he made his finding and that he relied upon it in determining appellee's ⅔ of the profit. Where portions of a record which were relied upon by the judge have been omitted on appeal (as in this case), issues of fact as determined by the judge will be presumed to be supported by the omitted record as against the contention of an appellant who has the burden of establishing error of the judge. Pike County Board of Education v. Varney, Ky., 253 S.W.2d 253; Cadden v. Commonwealth, Ky., 242 S.W.2d 409, Cert. denied 72 S.Ct. 1071, 343 U.S. 976, 96 L.Ed. 1369. Without this exhibit we cannot reasonably conclude that the trial judge's determination is erroneous, and therefore this finding will not be disturbed.

The third contention that the trial judge erred in finding 1.66 miles of earthwork completed is without merit. Appellee testified that he did all the earthwork except 70 feet which could not be completed because two bridges hadn't been built. The evidence to the contrary is a schedule of the highway department showing only one mile of earthwork completed after appellee left the job site. At most this created an issue of fact which was resolved against the appellants.

Similarly there is no error in the trial judge's denial of appellants' counterclaim for rental of their equipment since it was found there was no agreement to pay for the use of this equipment. Appellee testified that as part of his contract with appellants they were to furnish any additional equipment he needed without charge.

**44**

The trial judge accepted appellee's testimony rather than appellants' which he had a right to do. We find no reversible error.

The judgment is affirmed.

STEWART, J., dissenting.