**RESIDENTIAL REROOFING UNION LOCAL 30-B OF the UNITED SLATE, TILE AND COMPOSITION ROOFERS, DAMP AND WATERPROOF WORKERS' ASSOCIATION, AFL-CIO, by its Trustee ad litem John Mostiller, Business Agent**

v.

**Anthony MEZICCO, Individually and t/a T & M Roofing.**

**Civ. A. No. 70-2400.**

United States District Court, E. D. Pennsylvania.

July 12, 1972.

Richard B. Sigmond, Meranze, Katz, Spear & Bielitsky, Philadelphia, Pa., for plaintiff.

James Dunworth, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

Defendant has filed a motion to vacate a default judgment entered in the sum of $21,840 and to permit defendant to enter a defense.

The original complaint was filed on September 1, 1970, and served on December 21, 1970. An amended complaint seeking a sum certain of $21,840 was filed on January 4, 1972 and served on January 13, 1972. No appearance or pleading was filed by or on behalf of defendant. Default was entered by the clerk on praecipe and affidavit on April 6, 1972, and a copy of the praecipe was

mailed to defendant by certified mail and received by him on April 14, 1972. On April 19, 1972, a motion for entry of judgment in the sum of $21,840 was filed. On April 27, 1972, plaintiff filed an affidavit showing that a copy of the motion was mailed by certified mail to defendant on April 19, 1972, and subsequently returned by the post office marked "refused". Default judgment was entered by order of court on April 28, 1972.

On June 6, 1972, a motion to set aside the default judgment was filed by an attorney for defendant, with an attached affidavit taken, not by the defendant, but by the attorney who stated therein that he was retained on May 25, 1972, and that the allegations of the affidavit were based on "discussions" between affiant-attorney and defendant-client. The only excuse asserted for not pleading to the complaint or taking any action in the proceedings was that defendant "was not cognizant of the importance of being represented by counsel until after the judgment was entered." There are generalized allegations that defendant denies liability.

Both the complaint and amended complaint clearly set forth factually the basis for the claim. Plaintiff is a labor organization. It alleged that defendant was a party to a collective bargaining agreement that required defendant, as an employer, to make contributions to the union pension plan and to the union health and welfare fund. Following procedures outlined in the collective bargaining agreement, plaintiff sought to collect the claimed contributions by submitting the matter as a grievance to the "Joint Conference Board." The Joint Conference Board held a hearing, which was unattended by defendant, although he was notified of the hearing. As a result of the hearing, the board entered an award setting forth a mathematical formula for calculating the amount due and directing defendant to submit its books and records for such calculations.

The original complaint averred, in addition to the foregoing facts, that despite a demand, defendant had refused to comply with the award. The complaint, in effect, sought enforcement of the award. The amended complaint, set forth that records from the pension and health and welfare funds indicated a total sum due, which plaintiff demanded.

The motion to vacate the judgment makes no contention that there were any procedural infirmities in obtaining the judgment; nor does it dispute the calculations of the damages, as such. Instead, it makes a general averment that defendant is self-employed, without employees. The motion also avers that there was never any collective bargaining agreement between plaintiff and defendant, and then, inconsistently, avers that if any written collective bargaining agreement did exist, it was void as being obtained "due to the force and violence and threats and overt violent actions directed against defendant by agents of plaintiff." The motion concludes that "it would be great injustice to deny defendant his day in court."

Generally, motions to set aside default judgments should be liberally construed to permit a hearing on the merits. Tolson v. Hodge, 411 F.2d 123 (4th Cir. 1969); Barber v. Turberville, 94 U.S.App.D.C. 335, 218 F.2d 34 (1954). Default judgments are looked upon with disfavor. United States ex rel. Mercer v. Kelly, 50 F.R.D. 149 (E.D.Pa. 1970).

Rule 55(c) of Federal Rules of Civil Procedure provides that a default judgment may be set aside in accordance with Rule 60(b). Rule 60(b), in turn, provides that relief from a final judgment may be granted for (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct; (4) void judgment; (5) satisfaction, release or discharge; (6) any other reason justifying relief.

■ It is impossible to afford defendant relief on any of the specified grounds. The only two conceivable grounds raised in the motion are "excusable neglect" or "any other reason".

Gross and extreme neglect, indeed, there was. More than three years ago the controversy was presented through a regular collective bargaining grievance procedure to a "Joint Conference Board." Defendant ignored the hearing, and refused, on demand, to comply with the award. More than two and a half years ago action was filed in this court and totally ignored by defendant. Repeated notices were given to defendant. Eventually, defendant refused to accept proper notices sent to him by certified mail. To say that there was excusable neglect because defendant was unaware of the necessity to obtain counsel would be to permit delay in every case. Rather than excusable neglect, the neglect was willful and deliberate, and does not justify setting the judgment aside. Trans World Airlines, Inc. v. Hughes, 32 F.R.D. 604 (S.D.N.Y.1963).

Although a default judgment may be set aside under general equitable principles under Rule 60(b) (6), defendant here fails to set forth any valid basis. The averments of the motion are based purely on hearsay statements made to defendant's attorney by defendant. No reason is given as to why defendant did not take the affidavit; nor is there any explanation for the twelve day delay from the time counsel was obtained until the motion was filed.

■ The motion indicates inconsistent but possible theories of a defense. They are conclusionary without setting forth any factual basis. At a minimum, there should be credible, factual allegations of a meritorious defense. Wagg v. Hall, 42 F.R.D. 589 (E.D.Pa.1967).

■ Default judgments will be upheld where the normal adversary process has been halted due to an unresponsive party, because diligent parties are entitled to be protected against interminable delay and uncertainty as to their legal rights. H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 139 U.S.App.D.C. 256, 432 F.2d 689 (1970).

Defendant asserts it would be a great injustice to deny him his day in court. He overlooks the fact that he already has had the opportunity and full notice of many days in court, but he has voluntarily chosen to ignore completely these opportunities. A man of normal intelligence cannot avoid the effect of judicial proceedings on the incredible excuse that he was unaware of the importance of being represented by counsel. There is no indication that defendant ever attempted to ascertain in any way from anyone what he should do to assert his claimed defense.

The history of ignoring all notices, and refusing to accept certified mail from plaintiff's attorneys, after receiving notices concerning the nature of the claim against him, indicates an utter and hostile disregard for judicial proceedings, rather than lack of knowledge. The application at this late date to attempt to assert a defense leaves grave doubt as to the good faith of the application. To permit the matter to be reopened after so long a delay would pervert judicial process and prejudice the rights of plaintiff to obtain final satisfaction of the judgment and debt owed to it.