**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**V.I. PLEASURE BOAT, INC., Defendant**

Case No. 83/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 23, 1977

ROBERT J. SANDS, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I.

MICHAEL P. LEHTONEN, ESQ., St. Thomas, V.I.

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

The defendant has filed a motion to set aside a default judgment and to stay execution of judgment pending disposition of the motion pursuant to Rules 55(c), 60(b), and 62(b) of the Federal Rules of Civil Procedure. This court on May 11, 1977, entered a judgment on behalf of plaintiff after taking testimony on May 6, 1977 and making findings of fact and conclusions of law.

The setting aside of a default judgment is addressed to the discretion of the court and is governed by the standards set forth in Rule 60(b) of the Federal Rules of Civil Procedure. The defendant merely has filed a motion to set aside the default with a memorandum in support thereof. In that memorandum, defendant claims, "the interests of justice demand that the factual dispute between the two parties be resolved by a reopening of the case."

In addition, it is contended, "Defendant was not guilty of any gross neglect. Defendant has a meritorious defense. Defendant has no recollection of receiving any notice of this lawsuit or of the default judgment. The first notice that defendant received was an attachment of personal property, pursuant to a Writ of Execution. If defendant had received notice or had been aware of the pendency of the action, it would have made a proper response and appeared in court, prepared to present evidence that the plaintiff's claim is not supported by the dealings between the parties."

Thus, the defendant has yet to even file a proposed answer or deny the allegations of plaintiff's complaint. Even if an answer had been filed that would not be sufficient. In National Surety Corporation v. Carey Letellier, Civil No. 74/690 (United States District Court of the Virgin Islands, Division of St. Thomas and St. John, Memorandum and Order filed April 1, 1975), Judge Warren Young stated:

The policy of the law is to favor a hearing of a litigant's claim on the merits, Spahn v. Commissioners of the District of Columbia, 443 F.2d 751 (D.C. Cir. 1970); but in order to advance the interests of the law in finality of litigation, the moving party must show good reason for not taking the appropriate action sooner and also must show a good defense. Residential Reroofing Union Local 30-B v. Mezicco, 55 F.R.D. 516 (D.Pa. 1972).

Defendant's pleadings and accompanying memorandum do not indicate the nature of its defense. The court will not exercise its discretion to set aside a default judgment in the absence of such a showing. While defendant need not prove that he will prevail upon the merits in order to have a default judgment set aside, he must do more than make an unsupported allegation of the defense. The defendant must accompany the motion with supporting evidence that tends to show the asserted defense is potentially meritorious.

See also Virgin Islands Port Authority v. Clifford Benjamin, Civil No. 29/1976 (Territorial Court of the Virgin Islands, Division of St. Thomas and St. John, Memorandum and Order dated January 24, 1977).

Having failed to plead, answer, or enter an appearance, defendant was not entitled to notice of the application for a default or default judgment. Title 5 V.I.C. App. IV, Rules 47 and 48. In addition, this court must note that the return of service indicates that the complaint was personally served on Carlos Gimenez, owner of the defendant on February 11, 1977. Accordingly, it is

ORDERED that the defendant file within 20 days of the date of this order an affidavit indicating (1) how the asserted defense is potentially meritorious, (2) a justifiable excuse for not taking appropriate action sooner and (3) a memorandum supporting defendant's claim.

Defendant also has requested this court to stay execution of the judgment pending a determination of the motion. Rule 62 of the Federal Rules of Civil Procedure gives this court discretion to stay execution pending the disposition of a motion for relief from a judgment or order made pursuant to Rule 60. Accordingly, it is further

ORDERED that upon posting of a bond in the amount of $870 to satisfy the judgment in the amount of $760 plus costs in the amount of $10.00 and attorney's fees in the amount of $100 the execution of this court's judgment of May 11, 1977 will be stayed.