James E. **WILSON** and Elizabeth J. Wilson

v.

Domenick R. **FONTE** and Rosemarie Fonte, h/w, Peter Renzi and Adeline Renzi, h/w, Joseph Stella, Jr. and Dorothy Stella, h/w, Vincent J. Carpentier and Marion B. Carpentier, h/w.

Civ. A. No. 75–757.

United States District Court, E. D. Pennsylvania.

May 10, 1979.

John B. Talierco, Downington, Pa., for plaintiffs.

Anthony L. V. Picciotti, West Chester, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

The defendants in this case have moved pursuant to Fed.R.Civ.P. 60(b)(6) to vacate and set aside a judgment entered in this court by confession against them on March 23, 1976.[1] The judgment note[2] upon which the confession of judgment was based was signed by the defendants on October 31, 1974, in connection with an agreement by them to purchase from the plaintiffs certain property located in Pennsylvania. The defendants also gave the plaintiffs a down payment for this property.

The sale fell through, precipitating the following procedural morass. On February 24, 1975, the plaintiffs filed a complaint in confession of judgment against the defendants in the Pennsylvania Court of Common Pleas, and judgment was entered against the defendants. The defendants responded by moving to open the judgment and by filing an action in the state court seeking a return of their down payment. In March 1976, the parties entered into an agreement to stay all proceedings and to resolve their dispute through arbitration; this agreement was filed as a stipulation in the Court of Common Pleas. The arbitrators to whom this dispute was submitted determined on October 12, 1976, that the judgment against the defendants should not be opened, but also determined that certain credits were due the defendants. According to the defendants, the final amount of the arbitrators' award in favor of the plaintiffs was $38,536.68.

More litigation ensued in the state court as the plaintiffs attempted to enforce this award; in August 1978, the plaintiffs obtained a state court judgment by default against the defendants, which the defendants later moved to open. As of this date, despite the arbitrators' award and the entry of two state court judgments against the defendants, the plaintiffs have not collected a single penny from the defendants, and litigation is still pending in the Court of Common Pleas.

The plaintiffs, however, had not placed all their eggs in one basket; on March 13, 1975, shortly after filing their complaint in the state court, the plaintiffs filed a complaint in confession of judgment in this court. It was upon the latter complaint that on March 23, 1976, the judgment at issue was entered against the defendants in

---

1. The defendants have also moved for a stay of execution pursuant to Rule 62(b).

2. The note is in the sum of $40,000 plus an attorney's fee of 15% ($6,000); judgment was entered in the amount of $46,580 ($46,000 + $580 interest).

our court. In May 1977, the plaintiffs transferred this judgment and entered it in federal court in New Jersey, as the defendants are New Jersey citizens and residents and the plaintiffs were seeking to execute their judgment in that state. Apparently neither the defendants nor their counsel were notified of the filing of the complaint in our court nor of the entry of the federal judgment, and only learned of this judgment in December 1978 when the plaintiffs attempted to levy on property owned by various defendants.[3] The instant motion to vacate the judgment entered in our court was filed on January 10, 1979. For the following reasons, we will deny the defendants' motion.

■ As the Court of Appeals for the Third Circuit has recognized, "Rule 60(b) provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *John E. Smith's Sons Co. v. Lattimer Foundry & Machine Co.*, 239 F.2d 815, 817 (3d Cir. 1956). Rule 60(b) sets forth five specific reasons justifying relief from the operation of a final judgment [Rule 60(b)(1)–(5)], and concludes with a residual clause permitting a court to grant relief for "any other reason justifying relief from the operation of the judgment."

Rule 60(b)(6). The motion in the instant case has been brought under this residual clause, and is supported by the following four reasons which the defendants claim entitle them to relief from the operation of the judgment: (1) the defendants' lack of knowledge of the entry of judgment until December 1978; (2) the discrepancy between the amount of the arbitrators' award and the amount of the judgment; (3) the March 1976 stipulation of the parties agreeing to a stay of all proceedings, which the defendants allege was violated by the entry of our judgment; and (4) the pendency of litigation in the state court.

■ None of these reasons is sufficient to justify relieving the defendants from the operation of the judgment. By signing the judgment note, the defendants agreed to the entry of judgment against them. In such a situation, a Rule 60(b)(6) motion to set aside that judgment can only prevail if there exists some reason which would justify relieving the movants from their obligations under the note, and therefore justify granting them relief from the operation of the judgment. In other words, the defendants here can only prevail by the assertion of a meritorious defense to their liability under the note.[4]

3. At an evidentiary hearing held in connection with the instant motion, the four male defendants testified that neither they nor their wives (the other four defendants) learned of the entry of our judgment until the December 1978 levies. According to other evidence adduced at this hearing, the plaintiffs had also attempted in late 1977 to execute the judgment which they had transferred from our court to federal court in New Jersey. At that time, the defendants' New Jersey counsel, Craig Larsen, obtained from the defendants' Pennsylvania counsel what was represented to be the latter's entire file concerning the dispute between the plaintiffs and the defendants. According to Larsen's testimony, that file contained no record of the entry of the judgment in our court.

Larsen therefore assumed that the plaintiffs had transferred their Pennsylvania *state* court judgment to *federal* court in New Jersey, and did not attempt to learn from the New Jersey court the origin of the New Jersey judgment. Larsen persisted in his somewhat creative procedural assumption, despite receipt of a February 22, 1978 letter from the plaintiffs' New Jersey attorney explaining that

"[t]he judgment which was entered in the Federal District Court on March 23, 1976, was entered on an application filed with the Court in March of 1975 . . . .".

Not even this letter prompted a query from Larsen as to the basis of the New Jersey judgment.

Finally, however, after the December 1978 levies, Larsen learned from a more explicit letter written by the plaintiffs' New Jersey counsel that the plaintiffs had in fact obtained a judgment against the defendants in our court, and that it was this judgment which had been transferred to New Jersey. While we find it difficult to understand Larsen's reasoning and conclusions, we will assume for purposes of this decision that neither the defendants nor any of their attorneys learned of, or should have learned of, the entry of judgment in this court until December 1978.

4. Generally, a party seeking relief under Rule 60(b) must supplement his or her reason for relief with "a meritorious claim or defense", if that reason does not itself pertain to the merits of the case. 7 *Moore's Federal Practice*, ¶ 60.-27[1], at 351 (2d ed. 1978). ("[O]f course,

It is clear that none of the above-mentioned reasons asserted by the defendants as justifying relief from the judgment is relevant to the merits of their obligations under the note. Their lack of knowledge of the entry of the judgment is relevant only to the requirement that a Rule 60(b)(6) motion be made "within a reasonable time". Since we have assumed that the defendants did not learn of the entry of judgment until December 1978, their January 1979 filing of the motion to vacate the judgment was within a reasonable time. But their lack of knowledge of the original entry of the judgment does not relieve them of their liability under the note.

Similarly, the pendency in state court of proceedings concerning the dispute between the plaintiffs and the defendants, and the discrepancy between the amount of the federal judgment and that of the arbitrators' award, are irrelevant to the question whether the judgment note signed by the defendants was valid and whether they should be held liable under it. Finally, since the stipulation between the parties to stay all proceedings was filed in the state court, it can have no effect upon the proceedings in this court.

In short, none of the reasons presented by the defendants is a meritorious defense to their liability under the note, nor have the defendants stated that such a defense exists.[5] We therefore hold that the defendants have presented no reason justifying relief from the operation of the judgment

entered against them in this court on March 23, 1976, and we will deny their motion to vacate that judgment. We will also deny their motion to stay the execution of that judgment.

---

where the movant is seeking relief from a judgment because of [a] matter occurring subsequent to the judgment, as satisfaction, release, or discharge, merit underlying the original claim or defense would not be pertinent." *Id.*, ¶ 60.28[3] at 408, n.10.)

This general requirement has the salutary purpose of preventing "the needless protraction of litigation". Wright & Miller, *Federal Practice and Procedure*: Civil § 2857, at 161 (1973). Thus, for example, a litigant seeking to set aside a default judgment for reasons such as mistake or excusable neglect is routinely required to show the existence of a meritorious defense. *Residential Reroofing Union Local 30–B v. Mezicco*, 55 F.R.D. 516 (E.D.Pa.1972); *Wagg v. Hall*, 42 F.R.D. 589 (E.D.Pa.1967). As the courts have recognized, there is no point in

providing a day in court to a defendant against whom a final judgment has been entered, unless that defendant can use the opportunity to present a meritorious defense.

In our case, the defendants, by signing the judgment note, waived their day in court. It would serve no purpose to set aside the judgment and give the defendants a day in court, if the defendants have no defense to their obligations under the note.

5. At oral argument, plaintiffs' counsel contended vigorously that Rule 60(b)(6) requires the presentation of a meritorious defense, and that the defendants had presented no such defense. Counsel for defendants' silent response to this argument compels us to conclude that no meritorious defense exists.