Yvette Morales, Plaintiff-Respondent, 
against
Kensington Heights Associates, LP, Highbridge Community Development, Defendants-Appellants.




Defendants appeal from a "decision/order" of the Civil Court of the City of New York, Bronx County (Donald A. Miles, J.), entered January 27, 2016, and a judgment (same Court and Judge), entered February 16, 2016, after a nonjury trial, in favor of plaintiff and awarding her damages in the principal sum of $15,900.




Per Curiam.
Judgment (Donald A. Miles, J.), entered February 16, 2016, modified to the extent of remanding the matter for a new trial on the issue of damages only; as modified, judgment affirmed, without costs. Appeal from "decision/order" (Donald A. Miles, J.), entered January 27, 2016, dismissed, without costs, as subsumed in the appeal from the judgment.
Although the court improperly took judicial notice of a fact which was controverted (see Walker v City of New York, 46 AD3d 278, 282 [2007]), there is other competent proof in the record to support the court's determination that defendant-landlord and its managing agent wrongfully towed plaintiff's vehicle from the building's garage and detained it for ten months for nonpayment of garage rent (see Pordy v Scot Serv. Co., 15 AD2d 911 [1962]; see also CPLR 5511). A fair interpretation of the documentary and testimonial evidence supports the court's determination that plaintiff "was current with her rent and parking fees, negating the need for her vehicle to be towed." 
However, Civil Court erred in basing its damage award upon the vehicle's purported value. Inasmuch as plaintiff recovered the car, the proper measure of damages is "the loss of the use" of the car during the ten months it was wrongfully withheld (Michalowski v Ey, 7 NY2d 71, 74 [1959], quoting Allen v Fox, 51 NY 562, 565 [1873]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 04, 2019