Reif v Nagy (2021 NY Slip Op 06659)





Reif v Nagy


2021 NY Slip Op 06659


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 161799/15 Appeal No. 14788 Case No. 2021-02903, 2021-02931 

[*1]Timothy Reif et al., Plaintiffs-Respondents-Appellants,
v
Richard Nagy et al., Defendants-Appellants-Respondents, Artworks by the Artist Egon Schiele Known as Woman in a Black Pinafore and Woman Hiding Her Face, Defendants.


Pryor Cashman LLP, New York (William L. Charron of counsel), for appellants-respondents.
Dunnington Bartholow & Miller LLP, New York (Raymond J. Dowd of counsel), for respondents-appellants.



Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered August 9, 2021, against defendants-appellants (hereinafter defendants) in plaintiffs' favor in the amount of $747,927,02 in interest, unanimously modified, on the law, to award pre-decision interest of $678,082.19 (9% on $2.5 million from November 13, 2015 through November 4, 2018) and CPLR 5002 interest on that amount from the date of this decision to the date of entry of final judgment, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered July 12, 2021, which, insofar as appealed from as limited by the briefs, awarded plaintiffs interest, unanimously dismissed, without costs, as superseded by the appeal from the judgment.
Contrary to plaintiffs' claim, defendants' arguments about interest and damages are not barred by law of the case (see Hass & Gottlieb v Sook Hi Lee, 11 AD3d 230, 231 [1st Dept 2004]), as neither of those issues was litigated in the prior appeal (Reif v Nagy, 175 AD3d 107 [1st Dept 2019], lv dismissed 35 NY3d 986 [2020]).
Defendants correctly note that there was no "sum awarded" (CPLR 5001[a]) upon which interest could be calculated pursuant to that statute. However, the Court of Appeals has stated that a replevin plaintiff "is entitled to recover both possession of [his/her property] and damages for its wrongful detention" (Michalowski v Ey, 7 NY2d 71, 73 [1959] [internal quotation marks omitted]) and that — in cases where "the article was merchandise kept for sale" which has not "depreciated in value," "interest on the value from the time of the wrongful taking would be a proper measure" of damages (id. at 74 [internal quotation marks omitted]). The rationale for awarding interest is that if the defendant had not taken the plaintiff's property, the plaintiff "could theoretically have sold [it] at any time and then he would have had its value and whatever he could have earned on that value" (id. at 75).
The parties agree that the value of plaintiffs' property at the time of the wrongful taking (November 13, 2015) was $2.5 million. Defendants admit that, through November 4, 2018, plaintiffs lacked possession of the artworks or were legally restrained from selling them. Hence, the appropriate period for calculating pre-decision interest is November 13, 2015 through November 4, 2018. According to defendants, 9% on $2.5 million during this period is $678,082.19.
Plaintiffs contend that interest should run through either July 12 or August 9, 2021 because defendants committed conversion through that date. This argument is unavailing. Plaintiffs claim defendants cast a cloud over title to the artworks. However, "[c]onversion is concerned with possession, not with title" (State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002] [internal quotation marks omitted]). Moreover, plaintiffs provide no evidentiary support for the contentions in their appellate brief that (1) defendants' continuing claims of ownership are [*2]such a substantial interference with plaintiffs' ownership of the artworks as to be a total deprivation of the economic value of the artworks and (2) plaintiffs cannot auction the artworks. "It is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered" (Berley Indus. v City of New York, 45 NY2d 683, 686 [1978]).
Plaintiffs' claim that they should get CPLR 5002 interest on $2.5 million as well as on the amount of pre-decision interest is unavailing. The value of the artwork ($2.5 million) was not part of "the total sum awarded" (CPLR 5002).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021