## HALLOWELL *v.* DARLING.

---

APPEAL AND ERROR; JUDGMENTS, VACATION OF; AFFIDAVITS.

1. An application to open or vacate a judgment is addressed to the sound legal discretion of the trial court, and the exercise of such discretion, either in granting or refusing the application, will not be disturbed on appeal unless it is clear there has been an abuse of it. (Following *Meyers* v. *Davis*, 13 App. D. C. 364; *Magruder* v. *Schley*, 17 App. D. C. 227.)

2. On an appeal from an order overruling a motion to vacate a judgment, affidavits appearing in the record will not be considered in the absence of anything to show that they were before the lower court when it acted on the motion; especially where, if they should be considered,

there is nothing to show that there was not other evidence before the court warranting the conclusion it reached. (Citing *Hart* v. *Hines,* 10 App. D. C. 366.)

No. 1922. Submitted December 3, 1908. Decided January 5, 1909.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia overruling a motion to vacate a judgment in an action which originated in a Justice of the Peace Court.                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This suit was originally brought in a justice's court, where, after several continuances, a default judgment was entered for the plaintiff, Harry Darling. On motion of the defendant, Alice Hallowell, the justice reopened the case, and, after further continuances, again entered a default judgment for plaintiff. From this judgment the defendant, appellant here, noted an appeal to the supreme court of the District.

The record discloses that the appeal bond was approved March 2, 1908. On March 16, 1908, the defendant having failed to prosecute her appeal, the plaintiff, appellee here, made deposit for costs, and moved for affirmance of judgment under rule 97 of the common-law rules of the supreme court of the District, which motion was granted by that court. Subsequently, on March 19, 1908, defendant filed a motion to vacate the judgment on the ground that said judgment was obtained by (1) deceit, (2) irregularity, (3) surprise, (4 and 5) that the judgment inadvertently disposed of defendant's claim of set-off, and (6) for other reasons appearing in the proceedings and on the face of the record. The court, upon consideration of this motion, overruled the same, and the defendant thereupon noted an appeal from such ruling.

*Mr. Richard P. Evans* for the appellant.

*Mr. William H. Holloway* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

It is familiar law that an application to open or vacate a judgment is addressed to the sound legal discretion of the trial court, and that the exercise of such judgment either in granting or refusing the application will not be disturbed on appeal unless it is clear that there has been an abuse of discretion. *Meyers* v. *Davis,* 13 App. D. C. 364; *Magruder* v. *Schley,* 17 App. D. C. 227; 23 Cyc. Law & Proc. p. 895; 15 Enc. Pl. & Pr. p. 281.

The question, therefore, presented, is whether there has been such an abuse of discretion in this case as to warrant this court in entertaining the appeal. The appellant bases her contention that the motion to set aside the judgment should have been grant-ed upon facts alleged in certain affidavits which are printed in the record. There is no bill of exceptions. These affidavits are not referred to in appellant's motion, and there is nothing in the record to show that they were before the court when the motion was denied. The order of the court denying the motion makes no mention of them. Even if we should assume, which we are not at liberty to do, that these affidavits were before the court, the appellant would be in no better position because we could not assume that other evidence fully warranting the conclusion reached was not before the court. *Hart* v. *Hines,* 10 App. D. C. 366.

There being nothing in the record showing an abuse of dis-cretion by the trial court in overruling appellant's motion, the judgment is affirmed with costs. *Affirmed.*

A motion for a rehearing was denied February 2, 1909.