## COCKRELL et al. v. FILLAH.
### No. 5106.

Court of Appeals of District of Columbia.
Argued April 15, 1931.
Decided May 4, 1931.

Edward C. Kriz and John W. Wood, both of Washington, D. C., for appellants.

Alfred D. Smith, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from orders of the lower court overruling motions to vacate and set aside certain alleged default decrees theretofore entered against appellants.

The appellee, Seade Fillah, as plaintiff below, filed a bill of complaint against appellants, Cockrell and Barnard, alleging that Cockrell had fraudulently and without consideration persuaded her to execute and deliver to him her promissory note for $6,000 secured by deed of trust upon her real estate; that defendant Barnard had since acquired title to the note as collateral for a debt of $1,000 owing by one George D. Cockrell to Barnard; that Barnard received the note long after it became due, and not as a holder in due course. Plaintiff prayed for an injunction to restrain a sale of her

property under the deed of trust, and for a decree requiring Cockrell and Barnard to cancel and deliver up the note and release the deed of trust.

The defendants were regularly served with process. Thereupon Barnard duly filed his separate answer within rule, but Cockrell failed to answer or otherwise plead to the bill. The court, proceeding without notice to either party upon the theory that both parties were in default, then entered a decree pro confesso effective against both, and in regular course made the decree permanent.

Cockrell afterwards filed his separate motion praying the court to vacate the decree, and permit him to file an answer. As a ground for the motion he alleged that he was incapacitated by illness at the time when his answer should have been prepared, and was unable to confer with his counsel in order to prepare the same. The court overruled the motion, and Cockrell now appeals from that order. We find no error in this ruling. The record fails to disclose the terms of Cockrell's proposed answer, and moreover such a motion is addressed to the sound discretion of the court, and the record fails to show any abuse of discretion in this case.

Barnard also filed a separate motion praying the court to vacate the decree as to him upon the ground that the court had erroneously assumed that he was in default for answer, whereas in fact he had regularly filed his answer within due time. The court overruled Barnard's motion, and this ruling is the basis of Barnard's present appeal.

We think this was error. In Barnard's answer he denied the charge of fraud and lack of consideration in the execution and delivery of the note and deed of trust. See Equity Rule 29, Supreme Court D. C., Rules 1926. He was entitled to his day in court, and to a trial of the issue raised by his answer.

We therefore affirm the order overruling the motion of Cockrell, and reverse the order overruling the motion of Barnard, and this cause is remanded, with directions to the lower court to set aside the decree as against Barnard, and for such further proceedings as are not inconsistent herewith. Costs to be assessed equally between appellants and appellee.

HITZ, Associate Justice, took no part in the consideration or decision of this case.