**ERICK RIOS BRIDOUX**

v.

**EASTERN AIR LINES, Inc.**

**No. 11788.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 13, 1954.

Decided Feb. 11, 1954.

Petition for Rehearing Denied
March 5, 1954.

Mr. Brainard H. Warner, III, Washington, D. C., for appellant.

Mr. Richard W. Galiher, with whom Mr. William E. Stewart, Jr., Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, PRETTYMAN, and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The question is whether a default judgment should have been set aside by the District Court. Eastern Air Lines, Inc., sued Erick Rios Bridoux, a national of Bolivia, for property damages due to a mid-air collision near or over the Washington National Airport. Bridoux was pilot of a P-38 airplane which collided in flight with an airliner of the plaintiff. The lives of all Eastern's passengers and crew were lost. Bridoux alone survived.

On May 1, 1950, Bridoux, through attorneys, filed an answer to the complaint, and a counter-claim for injuries to himself. On December 1, 1950, his attorneys

were granted leave to withdraw their appearance and did so. In June, 1952, the case came on for pretrial hearing. Bridoux was in South America and did not appear. Default was entered and after inquisition as to the amount of damages, default judgment of $160,000 was rendered against him July 29, 1952. In December of the same year Bridoux returned to the United States and on January 2, 1953, moved that the default and judgment be vacated and the entire case, including his counter-claim, reinstated. In support of this motion he submitted an affidavit to the effect that he left the United States [1] in the summer of 1950 because he was without funds; that he was then represented by attorneys who had been retained by the Bolivian Government; that they had advised him of dissatisfaction because of non-payment of fees but he was without funds to retain counsel and requested the Bolivian Congress for funds, which were refused; that since the summer of 1950 he had received no word from the attorneys or anyone else regarding the case. The affidavit concluded with the statement that he had not been advised his attorneys had been granted leave to withdraw and had not received notice that he should appear for pretrial. On January 17, 1953, he filed another motion, for reconsideration of the one filed January 2, reciting that the earlier one had been denied on January 12. By order of the District Court of January 26, 1953, both motions were overruled, and this appeal is from that order.

It seems clear that Bridoux never received actual notice of the withdrawal of his counsel or of any proceedings leading to the default judgment until after it had been entered.[2]

We assume that entry of the default and judgment were justified when made, as the situation then appeared. The question is whether the facts as they subsequently became known warranted relief.

■ Rule 60(b), Fed.R.Civ.Proc., 28 U.S.C.A., provides that on motion filed within a reasonable time, and upon such terms as are just, the court may relieve a party from a final judgment for any reason justifying such relief. This rule is expressly made applicable to a default judgment by Rule 55(c). See, also, 3-A Ohlinger's Fed.Prac., p. 446. The motions were filed within six months of the judgment. This was within a reasonable time, especially in view of the provision in Rule 60(b) that a motion grounded upon mistake, inadvertence, surprise or excusable neglect, may be filed within one year. Moreover this judgment is for money only and no intervening rights appear to have been adversely affected by passage of the time between the judgment and the motions.

Considering the motions timely, we inquire whether justifiable reason is shown for relief.[3] We advert again to the salient facts. Counsel had been employed to represent Bridoux and had answered, setting up a defense on the merits in apparent good faith, and had counterclaimed. Bridoux was not advised of his counsel's withdrawal, which occurred after he had left the United States. He was not a citizen and says he did not have funds with which to continue living here. It was therefore not unnatural for him to leave. When he did so it could not be said definitely that the case would be reached for trial within the time which actually expired before he returned,[4] when, through new counsel, he promptly moved that the default be set aside.

■ What ruling should apply to this situation? It has long been held in

1. The motion of his attorneys for leave to withdraw states that he returned to Bolivia.

2. We assume that Eastern's counsel took the required steps to give notice by mailing copies of the appropriate papers to Bridoux's last address in the United States known to Eastern's counsel.

3. We construe the motions, together with the points and authorities expressly made a part of the one filed January 17, 1953, broad enough to invoke the "any reason" provision of Rule 60(b)(6).

4. The fact is other litigation growing out of this accident was tried after his return.

this jurisdiction that an application to vacate a judgment is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal except for abuse. Hallowell v. Darling, 32 App.D.C. 405; Cockrell v. Fillah, 60 App.D.C. 210, 50 F.2d 500; and Bush v. Bush, 61 App.D.C. 357, 63 F.2d 134. See, also, Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242. We do not understand Rule 60(b) to change this basic principle. 3–A Ohlinger's Fed.Prac., supra. But the Rule does bring to bear a more liberal attitude than pertained before its adoption. Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 [Opinion of Mr. Justice Black, in which Mr. Justice Douglas joins]. It is there said, 335 U.S. at pages 614–615, 69 S.Ct. at page 390, that the "other reason" clause of Rule 60(b), to which we have referred, n. 3, supra, enables a court to vacate a judgment whenever such action "is appropriate to accomplish justice." The discretion which undoubtedly resides with the trial judge must be considered with this in mind as well as the principle that,

> " * * * 'Since courts universally favor trial on the merits, slight abuse of discretion in refusing to set aside a default judgment is sufficient to justify a reversal of the order.' Madson v. Petrie Tractor & Equipment Co., 106 Mont. 382, 77 P.2d 1038, 1040."

Manos v. Fickenscher, Mun.App.D.C., 62 A.2d 791, 793. See, also, Tozer v. Charles A. Krause Milling Co., supra, 189 F.2d at page 245; 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Ed., § 1323.

Since no intervening rights appear to have been prejudiced, since a good faith defense on the merits had been put forward by answer, since no lack of good faith appears in any other respect, and because the facts of the case indicate no significant reason for precluding a trial on the merits, we think it was improvident not to grant any relief whatever from this very large money judgment entered by default. This is especially so when the provision of Rule 60(b), that relief may be granted upon just terms, is considered. Just terms are available here in connection with Bridoux's counter-claim. Litigation over it is more directly attributable to him than the claim initiated against him by Eastern. His lack of diligence in respect to his counter-claim might appropriately be made to bear some of the consequences of his default. And of course he should have exercised greater care to keep parties and counsel advised of his address.

We conclude that Bridoux should be relieved of the default judgment, with Eastern's complaint reinstated for trial on the merits, but we affirm the dismissal of Bridoux's counter-claim. We do the latter as approval of the District Court's exercise of discretion in refusing to vacate its dismissal. The same result could be obtained by directing that such dismissal shall stand as a just term accompanying the relief granted from the money judgment.

Reversed in part, affirmed in part.