Isadore WAXLER and Mrs. Isadore Waxler, Appellants,

v.

Emanuel LEVIN, Appellee.

No. 1906.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 4, 1957.

Decided April 12, 1957.

Rehearing Denied April 18, 1957.

Everett M. Raffel, Washington, D. C., for appellants.

Harry Protas, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This appeal is from a denial of a Motion to vacate a default judgment against the appellants (defendants below), the Motion being based on the provisions of Rule 60 (b) (6) of the trial court.

Appellants contend that the court erred in (1) failing to fully hear the Motion and (2) in denying it. Their counsel states in his brief in support of his first point that he sought to introduce evidence, in addition to his own affidavit, to demonstrate that because of his state of health he was unable to properly represent his clients. The Statement of Proceedings sets forth: "No evidence was introduced at the time of the hearing on the said motion"; it does not disclose that any proffer

of evidence was made. We must confine our review to the record before us.[1]

■ Coming to the second point, the rule is that a motion to vacate a judgment is addressed to the sound legal discretion of the trial court, the exercise of which will not be disturbed on appeal except for abuse.[2]

To determine whether the court abused its discretion in any degree, a rather full factual statement of the entire proceedings would seem to be indicated; these facts are disclosed by the pleadings, docket entries, affidavits, and Statement of Proceedings.

The complaint was for a balance due on a grocery bill; it was filed on August 22, 1955; service was had on both appellants on August 26, 1955; a responsive pleading was due twenty days after the date of service; counsel for appellee on several occasions after the expiration of the twenty-day period called counsel for appellants to determine whether he intended to file such a pleading, and no such pleading having been filed by the latter part of October 1955, he again called appellants' counsel and insisted that he would take a default judgment unless an answer was filed forthwith; on November 2, 1955, an answer consisting of a general denial was filed. The trial was set for November 29, 1955, but at the request of counsel for appellants it was continued to January 9, 1956; neither appellants nor their counsel appeared on the latter date and the default judgment followed,[3] being formally entered on January 16, 1956. Sometime after the date of the judgment it was docketed in the District Court and on April 26, 1956, a writ of execution was issued; on July 19, 1956, counsel for appellee addressed a letter, postage prepaid, to both appellants, at the

same address at which they had been served with process, reading as follows:

"July 19, 1956

"Mr. and Mrs. Isador Waxler
1014 Tenth Street, N. W.
Washington, D. C.

"Re: Emanuel Levin vs
Mr. Isador Waxler and
Mrs. Isador Waxler

"Dear Mr. and Mrs. Waxler:

"As you are well aware, judgment was entered against you in the Municipal Court for the District of Columbia on January 16, 1956, in the above captioned cause, for $382.23, besides interest at 6% per annum from February 19, 1956 and court costs. Thereafter, this judgment was docketed in the United States District Court for the District of Columbia, and on, or about April 26, 1956 the United States Marshal's Office called your attention to the unsatisfied judgment, without result.

"On Monday, July 23, 1956, the United States Marshal will be instructed to actually levy on my client's judgment for the satisfaction thereof. If it is your desire to avoid such action from being taken I recommend immediate payment.

"Very truly yours,
"/s/ Harry Protas

HP/jc"

The envelope in which the letter was enclosed bore the name and return address of appellee's counsel; it was not returned by the Post Office. On August 24, 1956, the appellant Isadore Waxler was personally served with a subpoena directing his appearance in the trial court on September 5, 1956, for oral examination in accordance

1. Logan v. Oliver, D.C.Mun.App., 96 A.2d 516.

2. Erick Rios Bridoux v. Eastern Air Lines, 93 U.S.App.D.C. 369, 214 F.2d 207; Bush v. Bush, 61 App.D.C. 357, 63 F.2d 134.

3. Municipal Court Civil Rule 39, Section B (d).

with Rule 69(a) of that court; upon his failure to appear a Bench Warrant was issued. On the same day however counsel for appellants filed the Motion to vacate the judgment that had been entered on January 16, 1956 (almost eight months before) and also asked for a stay of the oral examination proceedings. On September 26, 1956, appellee garnisheed appellants' bank account and the answer of the garnishee admitted credits in its hands belonging to appellants.

The grounds stated in the Motion to set aside the default were that "Any delinquencies or deficiencies which exist are or were those of counsel and not the defendants"; that his clients had a meritorious defense to the action and that to conduct the oral examination would prejudice them "most particularly since [appellants] have been detained in Florida, where they presently are, and cannot return before the coming week-end." (No reason was assigned for their stay in Florida.) Counsel attached his own affidavit in support of the motion, which may be summarized as follows: That his clients had always maintained they were not indebted to the appellee; that when the case was set for trial on November 29, 1955, and continued to January 9, 1956, he "failed to record the said continued date in his assignment book"; he admitted that he neither appeared on January 9 nor notified his clients of the new trial date; that sometime after the default judgment counsel for appellee advised him of that fact; that he "failed to file any process or take any proceedings to vacate until now;" that he was apparently undergoing such mental and physical strain for the past nine to twelve months that he was compelled to leave the city for almost the entire month of July 1956 for a complete rest to avoid a breakdown; that the blame is his and not his clients'.

Counsel for appellee filed his own affidavit in opposition in which, after detailing the various steps taken by him which have already been set out in this opinion, he stated that between January 18 and March 29, 1956, he had occasion to see appellants' counsel in the corridor of the District Courthouse.

The matter came on for hearing on October 1, 1956; the court had before it the entire file and the two affidavits referred to; after argument of counsel the Motion to vacate was denied.

■ Counsel for appellants states that this case does not come within the purview of Rule 60(b) (1–5) but relief should be granted under the provisions of Rule 60 (b) (6) permitting the setting aside of a default judgment for "any other reason justifying relief * * *", provided the Motion is filed within "a reasonable time". The record would seem to indicate that if there is any ground justifying the setting aside of the judgment it would be for "excusable neglect", Rule 60(b) (1); however a motion on that ground must be filed not more than three months after the judgment; this Motion was filed almost eight months after the judgment. This court has repeatedly held that reason (6) of Rule 60(b) cannot be used to nullify the three-month limitation applicable to reason (1).[4]

■ Whether the facts presented to the court justified setting aside the default under Rule 60(b) (6) was a matter within the court's discretion, and while it is true that a slight abuse of discretion would probably be sufficient for us to reverse,[5] we cannot say, in view of the record, that there was even a slight abuse of discretion.

Affirmed.

4. Fort Stevens Pharmacy, Inc., v. Hollywood Credit Cloth. Co., D.C.Mun.App., 126 A.2d 309; Allen v. Trivett, D.C.Mun. App., 98 A.2d 787; Ellison v. Hollywood Credit Clothing Co., D.C.Mun.App., 121 A.2d 484.

5. Manos v. Fickenscher, D.C.Mun.App., 62 A.2d 791.