Blondine C. Holland **HUGHES**, Appellant,

v.

Clara B. **HOLLAND**, Appellee.

No. 17494.

United States Court of Appeals District of Columbia Circuit.

Argued June 14, 1963.

Decided July 3, 1963.

Mr. Arnold A. Stahl, Washington, D. C., with whom Mr. Belford V. Lawson, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Herman Miller, Washington, D. C., with whom Mr. J. Franklin Wilson, Washington, D. C., was on the brief, for appellee.

Before DANAHER, WRIGHT and McGOWAN, Circuit Judges.

DANAHER, Circuit Judge.

After the eruption of family discord, the appellee by complaint filed on August 3, 1962, asked the District Court to set aside a deed by which she had three years earlier transferred to her daughter, the

appellant, certain realty located in the District of Columbia. Personal service was made upon the appellant on August 6, 1962, as her later affidavit acknowledged. No appearance having been entered thereafter, a default was noted on September 7, 1962, the case was then calendared for hearing, and a certificate of readiness was mailed to the appellant. On October 18, 1962, no answer having yet been filed, the case came on for hearing before a District Judge who had allowed the appellant time to raise funds to meet payments currently becoming due to the first and second trust noteholders. Her attorney then informed the judge "we have been unsuccessful in raising the money." "Time is of the essence," the judge observed.

Appellant having failed to make the payments, appellee paid a total of $918 to forfend against foreclosure. An order was entered October 19, 1962, under the terms of which the deed in question was set aside, damages of $500 were awarded, and disposition of other issues was made.

On October 31, 1962, appellant filed her motion[1] seeking (1) to set aside the entry of default and the final judgment of October 19, 1962, and (2) to permit her to file an answer.

In support of her motion, appellant filed an affidavit and proffered her proposed answer, to which the appellee filed her objections, after consideration of which appellant's motion was denied.[2]

Recognizing as we do that courts should look with disfavor upon the allowance of judgments by default, we here find no such equities as would require us to reverse the judgment complained of. Not only was there no showing of diligence upon the part of the appellant, the trial judge could properly find she had offered no adequate legal excuse for her neglect.[3] Moreover, in face of the urgent need for prompt steps to save the property for one or the other party, no matter whether mother or daughter might ultimately prevail, the appellant herself failed to meet the mortgage note payments. Thereafter she took no steps to reimburse or otherwise protect the appellee for funds advanced by her. Appellant now claims she desired to litigate, but apparently, the District Judge might have concluded, at the mother's expense. For the appellant to seek her day in court under such circumstances may well have seemed unjustified to the District Judge. We will not say he erred.

Affirmed.

---

1. See Fed.R.Civ.P. 55(c) and 60(b).

2. We find no abuse in the ruling of the District Judge, since such a motion is addressed to the sound discretion of the court. Cockrell v. Fillah, 60 App.D.C. 210, 50 F.2d 500 (1931); Bush v. Bush, 61 App.D.C. 357, 63 F.2d 134 (1933); and see 6 Moore Federal Practice ¶ 55.10 [4], at 1837–1842 (2d ed. 1953).

3. Fed.R.Civ.P. 60(b).