LUIS DÍAZ, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, J. M. CALDERÓN, JR., JUDGE, Respondent; RUPERTO VÁZQUEZ, Intervener.

No. C-65-54.        Decided January 31, 1966.

*César J. Dones Magaz* for petitioner. *Jorge López Santiago* for intervener.

Second Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

Late in 1961 Ruperto Vázquez, in his own right and on behalf of his minor son Roberto Vázquez, sued Luis Díaz for damages. The complaint was timely answered. The case being ready for trial, the same was set for February 25, 1963. It was continued to July 10, 1963, because plaintiffs had been unable to answer the interrogatory submitted by defendant on February 6 of that year. On July 8, 1963, plaintiffs filed a motion to continue the hearing alleging

that their attorney had a previous case set for trial in the Superior Court, Arecibo Part. The hearing was postponed. At their request, it was set for April 27, 1964. At the bottom of the corresponding order the clerk of the trial court set forth that notice thereof was served on the attorneys for both parties on March 12, 1964. The minutes of the trial court concerning this case and which correspond to April 27, 1964, show that plaintiffs failed to appear; that defendant moved to dismiss the complaint, but the trial court decided to postpone the hearing, warning plaintiffs that it would order the dismissal of the case if they failed to appear at the newly-set hearing. Notice of this ruling was served on both parties on the same day. On May 25, 1964, defendant filed a motion requesting that the aforesaid minutes be transcribed and notified to the parties, alleging that the case had been set three times and could not be heard for nonappearance of plaintiffs. Copy of this motion was sent by mail to plaintiffs' attorney. Notice of the trial court's order of June 9, 1964, granting the motion, was also served on the parties. The case was reset for trial for February 11, 1965, and notice thereof was served on the parties on October 30, 1964.

In view of the fact that plaintiffs did not appear at the hearing of the case set for February 11, 1965, the trial court rendered judgment ordering the dismissal of the action. The judgment was notified on the same day. On February 15, or four days later, plaintiffs filed a verified motion to reopen the case, alleging that they had not received any notice of the setting of the hearing of the case for the 11th of that month and that for that reason they did not appear; that they learned of the setting upon receipt of the notice of the judgment. That notice was sent to plaintiffs' attorney to the same address as all the previous notices. Defendant objected to that motion on the ground that the excuse given "cannot be invoked as a lawful excuse in any case," according to the

holding in *Cubano* v. *Jiménez*, 32 P.R.R. 155, 157 (1923). The motion to reopen and the objection thereto were set for and argued on March 19, 1965. Both parties appeared and, "after arguing the same at length, submitted the same to the court's consideration." On March 23, 1965, in granting the motion to reopen and after setting aside its judgment of February 11, 1965 and ordering that the case be reset for hearing, the trial court stated that: "The rendering of judgment without hearing one of the parties has the effect of depriving the court of the judicial function of adjudication which is part of our constitutional system, and since the modern tendency of the courts is molded on principles of liberality, and since this court believes that its discretion should be exercised in conformity with the spirit and purpose of the law in a manner as will better serve the ends of justice; and it appearing from the record that there is a genuine issue between the appearing parties in view of the case law of our Supreme Court to the effect that the cases should be decided on the merits whenever this is possible, its duty to dispense justice is better served by giving the parties an opportunity to have a day in court and deciding the questions by hearing them rather than by entering default judgment."

Feeling aggrieved, defendant (petitioner herein) petitioned for a writ of certiorari to review the trial court's order granting the motion to reopen the case and, consequently, setting aside the judgment ordering the dismissal of the case. We issued the writ on May 20, 1965.

The *Cubano* case, *supra*, on which petitioner bases his appeal, is not in point, since the doctrine in that case to the effect that mere ignorance of the attorney of the day set for trial cannot be invoked as a lawful excuse in any case, was based on the fact that *the law did not require notice to the parties or their attorneys of the call of the docket.* In the case before us, by virtue of the provisions

of Rules 67.1 and 67.2 of the Rules of Civil Procedure,[1] the orders entered on different occasions setting the case for hearing required that notice be given; these were always sent to the same address of petitioner's attorney. The notifications were completed upon mailing.

■ There is no question that the trial court, in the exercise of its discretion, acted correctly in ordering the dismissal of the case. It is so provided by Rule 39.2 of the Rules of Civil Procedure.[2] See, also, *Link* v. *Wabash Railroad Co.*, 370 U.S. 626 (1962).

However, does setting aside the dismissal of the action under the circumstances of this case constitute exercise of

---

[1] *Rule 67.1. Service; when required*

"Every order required by its terms to be served, every pleading subsequent to the original complaint, unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, shall be served upon each of the parties affected thereby. No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

*Rule 67.2. Service; how made*

"Whenever a party has appeared, represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address, or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode, with some person of suitable age and discretion then residing therein. Service by mail is complete upon mailing."

[2] The first part of Rule 39.2 of the Rules of Civil Procedure provides that:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under Rule 39.2 and any dismissal other than a dismissal for lack of jurisdiction or failure to join an indispensable party, operates as an adjudication upon the merits."

a sound discretion? We believe not. We turn to explain ourselves.

Since the order is based on the provisions of Rule 49.2(1) of the Rules of Civil Procedure,[3] we must determine whether it was justified within the permissible limits of the exercise of the trial court's discretion.

In *Ortiz Rivera* v. *Agostini*, 92 P.R.R. 181 (1965), we reversed a judgment rendered for plaintiff's want of prosecution in an action for damages, on the ground that the order of the court requiring the parties to show cause why the case should not be dismissed was improper, since, the complaint having been answered, it was the court's duty to set the case for pretrial conference and afterwards for hearing on the merits. We added, relying on the holding in *Ramírez de Arellano* v. *Sec. of the Treasury*, 85 P.R.R. 793 (1962), that the record showed that "the case was speedily and diligently litigated by plaintiff while her attorney was living. Afterwards, without assistance of counsel, she cannot be expected to be more diligent in showing her interest in maintaining the action. . . . When the hearing of the motion to dismiss was held, it was two weeks that an attorney of record had already appeared on her behalf." We concluded in that case that the different acts showing plaintiff's diligence in maintaining her action were overlooked by the court.

In *Ramírez de Arellano* v. *Sec. of the Treasury, supra*, we held, notwithstanding the provisions of Rule 37.2 of the Rules of Civil Procedure of 1958, that judgment should not be rendered against a plaintiff for failure of his attorney to appear at the pretrial conference which he sought to have

---

[3] Rule 49.2(1) of the Rules of Civil Procedure provides that:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a judgment, order, or proceeding for the following reasons:

"(1) Mistake, inadvertence, surprise, or excusable neglect."

continued, alleging that he would be outside of Puerto Rico on that date and without giving the reason for the urgency of the trip, nor why another attorney of record could not appear at the hearing. In this case we said the following:

". . . Although as a question of power the power of the court to dismiss a complaint for failure to appear at a pre-trial conference is unquestionable, under circumstances such as those in this case and in merely ordinary circumstances such sanction is highly injurious because of the consequence which it entails. To dismiss offhand a complaint or an answer as a means of applying sanction to the action or conduct of the attorney in the course of the action, has the effect of depriving a citizen of the judicial function of adjudication which is part of our constitutional structure, denying to him the opportunity to have a day in court for the purpose of asserting on the merits the genuineness of his right to claim, if he is plaintiff, or the genuineness and merits of a defense, if he is defendant. This is a too highly esteemed value in the social order to be promptly sacrificed, even though such sanction is for the sake of a prompt dispatch of the matters filed and a speedy administration of justice. If the judicial actions were indistinctly dismissed in this fashion, there is no question that the matters are dispatched, but perhaps due justice has not been imparted."

We added that:

". . . However, not every action or position taken by the attorney during the prosecution should prejudice offhand the litigating citizen in the sense of depriving him of the adjudication of his rights on the merits. Ordinarily the party who exercises his right in court is not informed of the routinary procedures. Although it is true that the attorney is his representative and that his representation obligates him—a litigant assumes the responsibility of his designation and he could not elude the consequences of the res judicata, for example, because his attorney did not pose the proper issues—in other aspects of the representation, such as the case at bar, primary responsibility to the court, as its officer which he is, is the attorney's."

It is interesting to note that three days prior to our decision in *Ramírez de Arellano, supra,* the Supreme Court

of the United States in the case of *Link* v. *Wabash Railroad Co., supra,* held that a district court, acting *sua sponte,* may dismiss a complaint for failure of petitioner's counsel to appear at a pretrial conference of which due notice had been served upon him. It ruled in this case that in requesting the secretary of the judge (who then was on the bench) to convey to him this message, that "he was busy preparing papers to file with the Indiana Supreme Court . . . that he wasn't actually engaged in argument and that he couldn't be here by 1:00 o'clock, but he would be here either Thursday afternoon or any time Friday if it [the pretrial conference] could be reset," he had failed to indicate a "reasonable reason" for not appearing, and, therefore, that the action should be dismissed for plaintiff's want of prosecution. Said the court: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. . . . There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose the attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' "

■ For the purposes of decision, it is well to determine the norms which should govern in cases such as this, in view of the situation prevailing in the courts of the country in connection with the increasing number of cases filed therein

and which, for the sake of justice, require that they be prosecuted with diligence and reasonable promptness, for the accomplishment of which the aforesaid Rules were adopted.

1. Rules 45.3 and 49.2 of the Rules of Civil Procedure of 1958 should be liberally construed, and any doubt should be resolved in favor of the party moving to set aside a default entry or a judgment in order that the prosecution may continue and the case be decided on the merits. *Ortiz Rivera* v. *Agostini, supra; Ramírez de Arellano* v. *Sec. of the Treasury, supra; Tozer* v. *Charles A. Krause Milling Co.,* 189 F.2d 242 (3d Cir. 1951).

2. Since the purpose of Rules 37.2 and 45.1 of the Rules of Civil Procedure[4] is to prevent undue delays in the disposition of cases as well as the congestion in the court calendars, it is obvious that in the exercise of the court's discretion in entertaining motions to reopen a default or to set aside a judgment under the said Rules 45.3 and 49.2, it is necessary to maintain a just balance between the aforesaid norm and the purpose of those Rules.

3. As a general rule and in the absence of circumstances justifying otherwise, every litigant who voluntarily chooses an attorney to represent him in a litigation cannot avoid the consequences of the acts and omissions of such agent, and should be considered to have notice of all the facts and acts, notice of which can be charged upon the attorney. *Link* v. *Wabash Railroad Co., supra; Deep South Oil Company*

---

[4] *Rule 37.2 of the Rules of Civil Procedure*

"If a party fails to appear, refuses participation, or appears, without being duly prepared, at a pretrial conference, the court may dismiss the complaint, strike the pleadings of the defendant, order the payment of costs and attorney's fees, or make such other order as is just."

*Rule 45.1 of the Rules of Civil Procedure*

"Where a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default."

*of Texas* v. *Metropolitan Life Ins. Co.*, 310 F.2d 933 (2d Cir. 1962).

In *Ledwith* v. *Storkan*, 2 F.R.D. 539 (D.C. Neb. 1942), a default judgment was sustained on the ground that the affidavits of plaintiff and of his attorney show that (a) after entrusting the case to the attorney plaintiff neglected the same; (b) the attorney's excuse for not taking action, that he was outside of the state and busy with other business, was vague and unconvincing; (c) he did not explain why he was outside of the state nor the nature of the business.[5] The court further added that Rule 60 (b) of the Federal Rules of Civil Procedure (from which the said Rule 49.2 of the Rules of Civil Procedure of Puerto Rico was substantially taken) is said to have its source in a comparable provision of the California Code of Civil Procedure, which is part of § 473 thereof.[6] *Luz* v. *Lopes*, 55 Cal.2d 54 (1960) ; *Baratti* v. *Baratti*, 109 C.A.2d 917 (1952) ; *Hansen* v. *Bernstein*, 110 C.A.2d 170 (1952) ; *City of Pacific Grove* v. *Hamilton*, 100

---

[5] In *Ledwith* v. *Storkan, supra,* the court cited as examples of what has been considered excusable negligence of counsel, among others, the following:

(a) Continuous preoccupation with the trial of a first-degree murder case.

(b) Reliance on assurance by the court or a clerk thereof or opposing counsel as to the time of a trial.

(c) Failure to reach the place of trial in consequence of casualties in traffic.

(d) Sudden illness of counsel.

(e) Unanticipated summons to the bedside of a dying relative.

[6] Section 473 of the California Code of Civil Procedure provides in the pertinent part that:

*"Relief from judgment or order taken by mistake, etc.* The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken."

C.A.2d 508 (1950); *Mann* v. *Pacific Greyhound Lines*, 92 C.A.2d 439 (1949); *Benjamin* v. *Dalmo Mfg. Co.*, 31 C.A.2d 523 (1948).

■ 4. When the relief provided by Rule 49.2 is sought, it is not sufficient to allege that the omission giving rise to the judgment was due to mistake, inadvertence, surprise, or excusable neglect. It is necessary to set forth the reasons justifying the omission. *Thorn* v. *Harrisburg Trust Company*, 330 F.2d 3 (3d Cir. 1964). See, also, *Hughes* v. *Holland*, 320 F.2d 781 (D.C. Cir. 1963); *Cucurillo* v. *Schulte*, 324 F.2d 235 (2d Cir. 1963); *Demeulenaere* v. *Rockwell Manufacturing Company*, 312 F.2d 209 (2d Cir. 1962). The burden of proving excusable neglect is on the party aggrieved by the judgment, who must establish his thesis by a preponderance of the evidence. *Elms* v. *Elms*, 72 C.A.2d 508 (1946).[7] In *Elms, supra,* a case of annulment of mar-

---

[7] In *Elms, supra,* the court laid down certain rules for the construction and application of the provision of § 473 of the California Code of Civil Procedure in setting aside a judgment for mistake, inadvertence, surprise or excusable neglect of the aggrieved party. Those rules are the following:

(a) One may not be relieved from the consequences of his neglect unless he makes a showing that he acted in good faith and demonstrates that his excusable neglect was the actual cause of his failure to attend the trial.

(b) The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable, it does not justify relief.

(c) It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business, his motion for relief under § 473 will be denied.

(d) The law frowns upon setting aside default judgments resulting from inexcusable neglect of the complainant. The only occasion for the application of § 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded.

(e) The doctrine that the granting of relief under § 473 is primarily committed to the discretion of the trial court does not mean that the caprice or inordinate disregard of the opposing evidence should be allowed to control. Such decision must be rooted in a sound discretion, based upon

riage, defendant did not appear at the trial of the case, at which plaintiff presented her evidence and obtained a decree in her favor. It was concluded that the court abused its discretion in setting aside the judgment on the ground of defendant's excusable negligence, since such excusable negligence was not proved.[8] It was held that defendant did not allege any ground in his affidavit why the decree of annulment should be set aside, and that to do so would be to grant a new trial at the capricious demand of defendant.

■ 5. If from an examination of the entire evidence in a proceeding to question the order of a court setting aside a judgment on the basis of one of the grounds provided by Rule 49.2 (1) of the Rules of Civil Procedure it appears that the court abused its discretion in determining, without basis on the evidence, that the omission giving rise to the judgment was due to mistake, inadvertence, surprise or excusable neglect of the party against which it was rendered, such party should not be relieved from the judgment and the order setting aside the same must be reversed.[9] *Elms, supra.*

---

principles of justice and fair dealing. It is not a mental discretion but an impartial discretion guided by fixed legal principles to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice.

[8] It is important to note that the provisions of our Rule 49.2 do not apply to judgments rendered in divorce suits, unless the motion is based on reasons (3) and (4) thereof.

[9] The other two guiding rules adopted by the California courts in connection with the application of § 473 of the Code of Civil Procedure of that state are the following:

(a) An honest mistake of law may justify relief under Rule 49.2, but a mistake is not excusable if it is the result of professional incompetence based upon erroneous advice, general ignorance of the law or lack of knowledge of the rules, or unjustifiable negligence in the discovery or research of the law. Laxness or indifference justifies denial of the relief provided by the said Rule: *Garcia* v. *Gallo*, 176 C.A.2d 658 (1959); *Fidelity Fed. Sav. & Loan Assn.* v. *Long*, 175 C.A.2d 149 (1959).

(b) Nonaction based on the fact that a certain officer failed to serve notice of a court action in accordance with the court's established practice,

For the purposes of deciding the question raised, namely, whether the trial court abused its discretion in setting aside the judgment which it had already entered in this case, it is necessary to pinpoint the characteristic and distinguishing aspects of the case, which are these:

(1) The case was brought late in 1961 and has not as yet been heard on the merits because of plaintiffs' (interveners herein) failure to appear at the hearings of the case on the merits which were set on different occasions, without indicating any justification for their absence.

(2) The hearing of the case on the merits could not be held on the last three occasions because of interveners' failure to appear, notwithstanding that (a) when it was continued for the third time it was ordered that plaintiffs be warned, upon resetting, that the case would be dismissed if they should fail to appear; and (b) by motion it was prayed that notice of such warning be served on plaintiffs and it was so ordered and done; (c) the warning was included in the fourth notice of the hearing of the case on the merits which was served on plaintiffs.

(3) The notice of the dates of the hearings of the case and the separate notices of the minutes on the trial court's warning, the motion requesting service of notice of the warning in question, and the order granting the same, were sent by mail to the attorney for interveners to the same address as the notice of judgment which he admittedly received.

(4) The interveners alleged that they did not receive notice of the fourth setting, but from the record it does not appear that they supported that allegation. It does not appear that they adduced any reason for their failure to receive

---

or to procure continuance of the hearing of the case which he had anticipated to the aggrieved party, is not excusable negligence where such action of the officer is not required by law. *Phillips* v. *Cleaver*, 89 C.A.2d 253 (1948); *Kromm* v. *Kromm*, 84 C.A.2d 523 (1948).

the same, such as that it was incorrectly addressed or sent to a wrong address, or that it was not sent through inadvertence or mistake of the office of the clerk, or any other fact or circumstance indicating or tending to sustain that plaintiffs' attorney did not actually receive such notice.

(5) No affidavit on the merits of plaintiffs' claim was attached to the motion to reopen, nor was any evidence offered in support of such motion; it was merely alleged therein that "plaintiffs have an interest in prosecuting their claims which in their opinion have merit."

The circumstances stated clearly distinguish this case from those of *Ortiz Rivera* v. *Agostini, supra,* and *Ramírez de Arellano* v. *Sec. of the Treasury, supra.* The record shows that: (a) neither the interveners nor their attorney have been diligent in the prosecution of the case, protracting for four years the hearing of the same on the merits by their failure to attend the hearings, notice of which was sent to their attorney, as it appears from the record, to the same address as the notice of the judgment which he obviously received; (b) neither the interveners nor their attorney presented any evidence in support of their contention that they did not appear at the fourth setting of the case because they did not receive notice thereof; (c) the actual cause of interveners' failure to appear at the trial of this case was not due to mistake, inadvertence, surprise or excusable neglect: the reason was undoubtedly plaintiffs' inexcusable negligence; (d) plaintiffs did not prove by a preponderance of the evidence that their nonappearance was due to any of the reasons provided in Rule 49.2(1).

■ Our attention has not been invited to any circumstance or reason to show that the trial court was justified in setting aside the judgment which it rendered in this case, since the justification adduced, if sustained, would practically render ineffective the provisions of Rule 39.2.

In view of the foregoing, we must necessarly conclude that the trial court abused its discretion in setting aside the judgment in this case and that its order of March 23, 1965 must be reversed.

Mr. Justice Belaval and Mr. Justice Santana Becerra concur in the result.