Walter S. WAGG and Eleanor A. Wagg

v.

Charles C. HALL and Kay-Line, Inc.

Civ. A. No. 36728.

United States District Court
E. D. Pennsylvania.

Sept. 13, 1967.

4. Leszynski v. Russ, D.Maryland, 1961, 29 F.R.D. 10; Schwartz v. Travelers Ins. Co., supra Note 3.

---

T. E. Byrne, Jr., Krusen, Evans & Byrne, Philadelphia, Pa., for petitioner.

Jerome H. Ellis, Philadelphia, Pa., for respondent.

WEINER, District Judge.

## MEMORANDUM OPINION

Petitioner Kay-Line, Inc., requests the setting aside of a default judgment entered against it on January 9, 1965, for liability up to a possible $100,000 on a claim for personal injury involving one of its trucks. In support of its petition Kay-Line alleges the failure of the Philadelphia office of its insurer, Aetna Casualty and Surety Company, to receive notice of the summons and complaint in the original action from Aetna's New York office. "For that reason and that reason alone," petitioner alleges, it failed to appear and suffered the default judgment.

Petitioner was duly served by registered mail delivered to its office in Trenton, New Jersey, on December 1, 1964. Furthermore, although petitioner avers that neither it nor Aetna received further notice "of any kind" until 1967, it does not rebut respondent's allegations, supported by carbon copies, that two separate letters were sent to both Aetna's New York and Philadelphia offices apprising them of the pending action on January 29, and April 7, 1964. In addition, petitioner alleges no meritorious defense to the original claim, but admits, rather, that its insurer's files were destroyed two years after the accident, in accordance with "a standard practice of Aetna."

 A motion to open a default judgment is addressed to the sound discretion of the district court. It may be granted "for good cause shown," which includes, *inter alia*, "excusable neglect" or "any other reason justifying relief from the operation of the judgment" according to the liberal standards of Fed.R.Civ.P. 55(c) and 60(b), which govern this case. It is an abuse of this discretion to vacate a default judgment unless a good excuse for the default is shown. Ellington v. Milne, 14 F.R.D. 241 (E.D.N.C.1953); Western Union Telegraph Co. v. Dismang, 106 F.2d 362 (10th Cir. 1939), along with a meritorious defense, Kulakowich v. A/S Borgestad, 36 F.R.D. 185 (E.D.Pa.1964), and lack of substantial prejudice to the plaintiff, Alopari v. O'Leary, 154 F.Supp. 78 (E.D.Pa. 1957).

In the instant motion petitioner has alleged no substantial reason that would qualify its two and one half years of inaction as "excusable neglect." Although default judgments are not favored in

the law, Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951), petitioner herein was duly served; does not deny that its insurer, Aetna, received two additional reminders of the pendency of the action; yet nonetheless avers that it failed to appear because of some internal omission of its insurer, which subsequently destroyed its file without taking any action.

 In addition, petitioner does not even allege an ultimate defense on the merits to the original action. Before granting a motion to vacate a default judgment, the courts invariably require either a specific recitation of facts that support a "reasonable showing" of a meritorious defense, Federal Enterprises, Inc. v. Frank Allbritten Motors, Inc., 16 F.R.D. 109, 112 (W.D.Mo.1954) (Whittaker, J.), or else at least a credible allegation that such a defense exists.[1] Petitioner has not met even the least stringent prerequisite as to the showing of a defense on the merits.

The further element in this case that militates against petitioner is the length of time during which it has failed to respond either to the summons served upon it on December 1, 1964, or to the default judgment entered against it on January 9, 1965. A motion to reopen a default judgment will customarily be made within several months, at the outside, after entry of judgment, e.g., Kulakowich, supra (4½ months); Ellington v. Milne, 14 F.R.D. 241 (E.D.N.C. 1953) (11½ months); Alopari, supra (2½ months).

Petitioner's long period of inactivity, taken together with the nature of its insurer's self-inflicted incommunicativeness, suggests a lack of diligence which would preclude this court from characterizing petitioner's neglect as "excusable", cf. Hughes v. Holland, 116 U.S.App.D.C. 59, 320 F.2d 781, 782 (1963).

1. The single statement to the contrary in Trueblood v. Grayson Shops of Tennessee, Inc., 32 F.R.D. 190, 196 (E.D.

---

ORDER

And now, September 13, 1967, the petition of Kay-Line, Inc., to vacate the default judgment entered against it is denied.

It is so ordered.

Va.1963) is not supported by the cases cited therein.