**MARGARET GUMBS, Plaintiff**

v.

**JOSEPH FRANCIS, Defendant**

Civil No. 828/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 4, 1980

Don C. Mills, Esq., St. Thomas, V.I., *for plaintiff*

Sharon L. Nolan, Esq., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Defendant moves to vacate the entry of default and the default judgment. Despite defendant's claims, the court can neither find that he offers a legitimate excuse for his failure to respond to the default entries for over three months, nor alleges a meritorious defense. The motion to vacate the default entries must therefore be denied.

Defendant was personally served with the complaint in this action on December 10, 1979. Defendant's counsel alleges that towards the end of January, 1980, plaintiff's first counsel "assured me that he would not enter a default against the defendant in this matter," and that "shortly" thereafter plaintiff's first counsel informed defendant's counsel that "he had previously forgotten his assurances."[1] The default was then entered on January 24, 1980, and a judgment in the amount of $1,365.69 plus costs and attorney's fees of $300 was entered on February 12, 1980. Defendant's first response to this action was the filing, on May 22, 1980, of his Motion to Vacate the

---

[1] These allegations are made by defendant's counsel in an unnotarized affidavit. The court notes that it need not consider the unsworn statements.

default entries. The only reference by defendant to the period of delay after these entries is the assertion in his counsel's affidavit that "Due to prior scheduled court hearings and my teaching position at the College of the Virgin Islands, I am only now able to submit a motion. . . ."

A motion to set aside a default judgment is addressed to the discretion of the court. Wagner v. Pennsylvania Railway Co., 282 F.2d 392 (3d Cir. 1960). The motion to vacate may be granted if (1) the non-defaulting party will not be prejudiced by the reopening of the case; (2) the default was the result of excusable neglect, and (3) the defaulting party has a meritorious defense. Fed. R. Civ. P. 60(b)(1), 5 V.I.C. App. I, R. 60(b)(1), 5 V.I.C. App. IV, R. 7 (1967). Shackelford v. Puerto Rico International Airlines, Inc., Civil No. 273-1977 (D.V.I., Div. St. T. & St. J., February 13, 1978). The defendant here has met none of these standards.

The only basis defendant asserts for failing to respond more promptly to the default entries is that plaintiff's first counsel did not honor his assurances to defendant's counsel that he would not move for the entry of a default. While this conduct may have constituted excusable neglect had defendant moved to set aside the defaults promptly after they were entered, it does not excuse defendant's inaction for the subsequent three months.[2] To excuse this delay, defendant's counsel merely states that she had prior commitments. That is not a legitimate excuse for counsel's failure to file promptly a motion to vacate the default judgment. Indeed, the court is compelled to note that counsel's failure to file an answer to this simple action for damages immediately after learning of the default entry, or to inquire about or to appear at the February 1, 1980 hearing appears unreasonable and inexcusable. To this very date, no answer has been filed.

Although defendant's counsel states that a meritorious defense exists, she does not state what that defense is and does not allege a credible factual basis of such a defense, as required. Residential Reroofing Union Local 30-B v. Mequire, 55 F.R.D. 516 (E.D. Pa. 1972); Waggs v. Hall, 42 F.R.D. 589 (E.D. Pa. 1967). No supporting evidence is offered that would tend to show that the asserted defense is potentially meritorious. National Security Cor-

---

[2] The court also notes that the "assurances" were given to defendant's counsel, by her statement, at the end of January, apparently several weeks after an answer was due on December 30, 1979.

poration v. Letellier, Civil No. 79-690 (D.V.I., Div. St. T. & St. J., April 1, 1975). Defendant has thus not satisfied the prerequisite of showing a meritorious defense. Bank of NT & SA v. Quarshie, Civil No. 129-1979 (D.V.I., Div. St. T. & St. J., September 19, 1979). Consequently, this case is not an appropriate case for the court to exercise its discretion and set aside the default.

Defendant's counsel could have used any number of permissible means to avoid this unfortunate result for her client. Initially, counsel could have filed a formal request for an extension of time in which to answer rather than relying on oral assurances. That is what the court's rules require. 5 V.I.C. App. I, R. 6(b), 5 V.I.C. App. IV, R. 7 (1967). Furthermore, counsel could have filed a simple notice of appearance after learning of the default entry, thereby requiring written notice be sent to her of any request for entry of a default judgment. Fed. R. Civ. P. 55(b), 5 V.I.C. App. I, R. 55(b) and 5 V.I.C. App. IV, R. 7 (1967). Finally, the defendant could have complied with the rules and filed a timely answer to this apparently simple action for damages. Accordingly, it is hereby

ORDERED that defendant's motion to set aside the default judgment is hereby denied.